# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2593

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Robert Earl Cole, also known as | * | |
| Reggie Anderson, | * | |
| | * | |
| Appellant. | * | |

_____

No. 07-2808

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Linda Darcell Gilbert, | * |
| | * |
| Appellant. | * |

_____

Submitted: March 11, 2008
Filed: May 15, 2008

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Robert Cole and Linda Gilbert, husband and wife, were convicted of possessing an unregistered firearm, *see* 26 U.S.C. §§ 5841, 5861(d), 5871. Mr. Cole was also convicted of being a felon and a drug user in possession of firearms, *see* 18 U.S.C. § 922(g)(1), (g)(3). Ms. Gilbert appeals the application of two enhancements to her sentence and the denial of a downward departure from the sentencing guidelines. Mr. Cole maintains on appeal that the evidence was insufficient to convict him and that the district court[1] erred in excluding certain testimony. He also asserts that the district court erred in fixing his sentence. We affirm.

I.

Police arrested Ms. Gilbert after they found two handguns and a shotgun in her bedroom during a search prompted by an anonymous tip that drugs were being sold from her house. The shotgun was of the so-called "sawed-off" or "short-barreled" variety, a kind of weapon that a person may not legally possess unless it is registered. *See* 26 U.S.C. §§ 5845(a)(1), 5861(d). She was convicted of failing to register this gun.

A.

Ms. Gilbert appeals the application of a two-level sentencing enhancement that was imposed because she possessed a total of three firearms. U.S.S.G. § 2K2.1(b)(1)(A) (2004). She argues that the district court should not have considered the two handguns found in her house in fixing her sentence because they were not part of the offense of conviction. Ms. Gilbert is correct that possessing the two handguns

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

-2-

was not part of the offense of conviction, but that does not mean that the enhancement does not apply.

"[I]n the absence of more explicit instructions in the context of a specific guideline," U.S.S.G. § 1B1.3 comment. (backg'd), the district court determines adjustments to a defendant's offense level, including any enhancements, on the basis of what is called relevant conduct. *See* U.S.S.G. § 1B1.3. While it is true that the enhancement at issue here is for "Specific Offense Characteristics," U.S.S.G. § 2K2.1(b), and it applies "[i]f the offense involved three or more firearms," U.S.S.G. § 2K2.1(b)(1), the term "offense" means "the offense of conviction and all relevant conduct ... unless a different meaning is specified or is otherwise clear from the context," U.S.S.G. § 1B1.1 comment. (n.1(H)). Since no other meaning for the word "offense" is specified here or is otherwise clear from the context, the general provisions governing relevant conduct determine the application of this enhancement.

When conduct would be grouped with the offense of conviction under U.S.S.G. § 3D2.1(d), it is relevant conduct if it is "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2) (2004). A defendant need not be charged with or convicted of the conduct as long as it could form the basis for a count that would be grouped with the offense of conviction. *Id.* comment. (n.3).

It is uncontested that Ms. Gilbert was a felon, so her possession of the handguns could have been the basis for a charge of being a felon in possession of a weapon, a charge that would be grouped with the crime of which she was convicted. *See* U.S.S.G. §§ 3D1.2(d), 2K2.1 (2004). Furthermore, the district court found that Ms. Gilbert's possession of the handguns was part of the same course of conduct as possessing the unregistered shotgun. We have said that a holding that uncharged conduct was part of the same course of conduct as the offense of conviction is a "fact-intensive inquiry" that we review for clear error. *United States v. Ault*, 446 F.3d 821,

823 (8th Cir. 2006). Ms. Gilbert possessed all three weapons at the same time and place. She told the police that she had the short-barreled shotgun to protect her family in light of the unsolved murder of her son, and she did not offer a different explanation for the handguns. We conclude, therefore, that the district court did not clearly err in holding that possessing the handguns was part of the same course of conduct as, and hence relevant conduct for the offense of conviction.

B.

Ms. Gilbert also appeals the application of a two-level enhancement for possessing a firearm that was stolen. U.S.S.G. § 2K2.1(b)(4) (2004). She does not deny that one of the handguns was stolen, but she maintains that the connection between the stolen handgun and the crime of possessing an unregistered shotgun is "too attenuated" for the enhancement to apply.

The enhancement applies "[i]f any firearm was stolen." *Id.* The meaning of the phrase "any firearm" as it is used in this provision is a question of first impression in this circuit, but at least three other circuits have addressed its meaning. The Fifth Circuit has stated, in *obiter dictum*, that subsection (b)(4) "obviously is not intended to apply to firearms wholly unrelated to the charged offense." *United States v. Gonzalez*, 996 F.2d 88, 92 n. 6 (5th Cir. 1993). In discussing the definition of the phrase "any firearm" in subsection (c)(1), the Eleventh Circuit cited *Gonzalez* and suggested that the phrase "any firearm" in (b)(4) might have a more limited meaning than it does in (c)(1). *United States v. Williams*, 431 F.3d 767, 770 n. 4 (11th Cir. 2005). And the Sixth Circuit has adopted the rationale of *Gonzalez* that the phrase "any firearm" in subsection (b)(4) must be at least related to the offense. *See United States v. Roxborough*, 99 F.3d 212, 214-16 (6th Cir. 1996), *as interpreted by United States v. Settle*, 414 F.3d 629, 634 (6th Cir. 2005).

Although we have not construed the phrase "any firearm" in subsection (b)(4) of U.S.S.G. § 2K2.1, we did address the meaning of that phrase in subsection (b)(5)

-4-

of the same guideline (now subsection (b)(6), as revised), *see United States v. Mann,* 315 F.3d 1054, 1055-57 (8th Cir. 2003), *cert. denied*, 540 U.S. 848 (2003). In *Mann* we construed the phrase "any firearm" broadly, holding that it encompassed more than the firearms that the defendant was convicted of possessing. *Id.* It is a principle of statutory interpretation that identical phrases in a statute, particularly when they occur in close proximity, are ordinarily given an identical meaning. *See Ratzlaf v. United States*, 510 U.S. 135, 143 (1994). We hold, therefore, that "any firearm" in § 2K2.1(b)(4) is not limited to the firearm(s) that the defendant was convicted of possessing.

This does not mean, however, that the phrase "any firearm that was stolen" in (b)(4) encompasses firearms that are totally unconnected to the offense of conviction. Because (b)(4) lacks a verb describing the conduct that makes the defendant eligible for the enhancement and a stolen firearm obviously cannot itself be conduct, the phrase must mean that the enhancement applies whenever a stolen firearm is involved in the offense of conviction or in relevant conduct. As mentioned above, the general relevant conduct provisions apply "in the absence of more explicit instructions in the context of a specific guideline." U.S.S.G. § 1B1.3 comment. (backg'd). We agree with the Sixth Circuit that nothing in § 2K2.1(b)(4) constitutes "more explicit instructions" designed to supplant the general relevant conduct provisions. *See Roxborough*, 99 F.3d at 215-16; U.S.S.G. § 1B1.3 comment. (backgr'd). We have already explained how Ms. Gilbert's possession of the stolen handgun was relevant conduct. We therefore conclude that the district court did not err by applying the enhancement for possession of a stolen firearm.

C.

Finally, Ms. Gilbert appeals the district court's denial of her request for a downward departure. But the government correctly points out that the denial of a downward departure is unreviewable unless the district court had an unconstitutional motive or an erroneous belief that it was without the authority to grant the departure.

-5-

*See United States v. Johnson*, 517 F.3d 1020, 1023(8th Cir. 2008). Since Ms. Gilbert does not argue that either of these exceptions applies here, we have no authority to give relief on this point.

## II.

Mr. Cole maintains that the district court erred when it excluded certain statements that Ms. Gilbert made in an interview with police officers after they seized the guns from her bedroom. In that interview, she admitted that the guns were hers; she also stated that they did not belong to Mr. Cole and that he never possessed them. Mr Cole and Ms. Gilbert were tried together, and during the trial he sought to introduce the part of Ms. Gilbert's statements that exculpated him under the hearsay exception for statements against penal interest. *See* Fed. R. Evid. 804(b)(3). It was uncontested that, due to Ms. Gilbert's choice to exercise her constitutional right to remain silent at her trial, the requirement in Rule 804 that she be unavailable as a witness was satisfied. The district court nevertheless excluded Ms. Gilbert's statements exculpating Mr. Cole because they were not against her penal interest, and, in the alternative, because corroborating circumstances did not clearly indicate the trustworthiness of the statements. We affirm on the alternate ground.

Under Rule 804, a statement against penal interest offered to exculpate an accused is not admissible unless "corroborating circumstances clearly indicate the trustworthiness of the statement." Fed. R. Evid. 804(b)(3). Whether the corroborating circumstances clearly indicate the trustworthiness of the statement is a question of fact reviewed for clear error. *See United States v. Alvarez*, 584 F.2d 694, 701 (5th Cir. 1978); *see also United States v. Barone*, 114 F.3d 1284, 1301 (1st Cir. 1997), *cert. denied*, 522 U.S. 1021 (1997). On this record, we believe that there was more than an adequate basis for the district court to conclude that corroborating circumstances did not clearly indicate the trustworthiness of Ms. Gilbert's statements exculpating her husband. Ms. Gilbert was evidently concerned about protecting others from criminal liability: A police officer testified that when she was questioned about who gave her

the short-barreled shotgun she refused to tell them because she did not want to get anyone else into trouble. Ms. Gilbert demonstrated, moreover, a willingness to subject herself to criminal liability to shield others: She claimed that marijuana found loose on a plate in her bedroom was hers in spite of the fact that she denied being a drug user and a urine test confirmed that she had no drugs, other than a prescription drug that she admitted taking, in her system immediately after her arrest. We conclude that the district court did not err clearly when it excluded Ms. Gilbert's statements.

Mr. Cole also maintains that there was insufficient evidence to sustain his conviction. We "review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict. This standard of review is strict; we will uphold the verdict if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." *United States v. Hamilton*, 332 F.3d 1144, 1148-49 (8th Cir. 2003) (internal quotations marks and citation omitted).

We believe that there was sufficient evidence to convict Mr. Cole. He was convicted of possessing four guns, three of which were found in his wife's bedroom during the search already alluded to; the other one was recovered in a search of the same bedroom a year later. Although Mr. Cole maintains that he had no connection to the first three guns because he was not living at the house when they were found, the contents of the bedroom provided a sufficient basis for a reasonable jury to connect Mr. Cole with the guns and find that he possessed them. In the bedroom, the police found men's clothes plus a wallet containing Mr. Cole's pay stubs and a credit card in his name; this evidence contradicts Mr. Cole's testimony that he was not living in the house and a reasonable juror could moreover conclude that it undermines his credibility generally. Police also found marijuana sitting loose on a plate, as we mentioned above, and Mr. Cole stipulated that he was a marijuana user while a drug

test confirmed Ms. Gilbert's statements to the police that she was not a drug user. Furthermore, one of the guns came from Memphis, Tennessee, Mr. Cole's erstwhile abode, which he admitted continuing to visit at least once a year. Finally, Mr. Cole admitted at trial that he was "in and out" of the house around the time that the guns were found. It is not clear on what grounds Mr. Cole argues that there was insufficient evidence connecting him to the fourth gun: He admits that he was in the bedroom at the time that the police found the gun and that he had been sleeping on top of the mattress under which they discovered it. The record supports a finding beyond a reasonable doubt that Mr. Cole possessed all four guns.

Mr. Cole also contends that his sentence is unreasonable. In reviewing a sentence for reasonableness, we must first determine if the district court committed any procedural errors, such as improperly calculating the sentencing range, treating the guidelines as mandatory, failing to consider the factors in 18 U.S.C. § 3553(a), or failing adequately to explain the sentence. *See United States v. Gall*, 128 S. Ct 586, 597 (2007). We must then decide whether the district court abused its discretion in fixing the terms of the sentence. *See United States v. Hill*, 513 F.3d 894, 898 (8th Cir. 2008). We presume that a sentence within the guidelines range is reasonable. *See United States v. McPike*, 512 F.3d 1052, 1056 (8th Cir. 2008).

Mr. Cole does not dispute the district court's calculation of the sentencing range or assert that it committed any other procedural error; he simply maintains that the district court's choice to sentence him to the top of the guidelines range was unreasonable. The only rationale that he offers to support his argument is that he had been gainfully employed at the same job for twelve years and that possessing a weapon while being a felon and drug user was what he calls a status crime. Even putting aside the fact that Mr. Cole was also convicted of possessing an unregistered firearm, which cannot reasonably be called a status crime, we find nothing in the record to overcome the presumption that the sentence was reasonable. It is evident from the record that the district court took into account all the appropriate

considerations when it sentenced Mr. Cole, including the fact that he had several criminal convictions, one of which was for murder.  There is no abuse of discretion here.

Affirmed.

_____