# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2550

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| John Arthur Stackhouse, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 16, 2009
Filed: February 12, 2009

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

John Stackhouse appeals his conviction, following a three-day jury trial, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Following his conviction, the district court[1] sentenced him to 327 months of imprisonment. We affirm.

---

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

Stackhouse's only ground for appeal is that the jury lacked sufficient evidence to find that he possessed a firearm. For appeals based on claims of insufficient evidence, "[w]e review de novo whether the evidence presented at trial was sufficient to support the verdict," United States v. Pruneda, 518 F.3d 597, 605 (8th Cir. 2008), and we do so by "view[ing] the evidence in the light most favorable to the jury's verdict and . . . draw[ing] all reasonable inferences in the government's favor . . . ," United States v. McAtee, 481 F.3d 1099, 1104 (8th Cir. 2007). "[W]e will uphold the verdict if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." United States v. Cole, 525 F.3d 656, 661 (8th Cir. 2008) (quotation omitted).

According to the testimony of Sam Gregory and Hakeem Rasheen, who are employees of Union Motors in St. Louis, Missouri, Stackhouse entered the business around 6:00 p.m. on April 24, 2007. Stackhouse produced a handgun and ordered Gregory to walk towards a back room. While Gregory was doing so, Rasheen came towards the front of the business. Stackhouse shot Gregory in the back, and Rasheen pulled his own firearm and shot at Stackhouse. Bullets from Rasheen's gun struck Stackhouse several times. Officer Joseph Mayberry, who arrived on the scene, was able to identify one of the injured persons as Stackhouse. Officer Mayberry also located two different handguns at Union Motors. Rasheen stated that one of the handguns was his. The other handgun was found on the floor near Stackhouse. At the trial, Officer Mayberry made an in-court identification of Stackhouse as one of the two people at Union Motors that had been shot. Stackhouse, who testified at trial, contended he was at Union Motors to collect a drug debt from Rasheen, a fight ensued, Rasheen produced a firearm, and during the struggle the gun discharged. Stackhouse testified that he did not possess a firearm when he entered the business.

On appeal, Stackhouse claims that, because neither Gregory nor Rasheen could identify him at trial as the person who possessed the firearm, only circumstantial

evidence could show that Stackhouse ever possessed the firearm that Officer Mayberry found near him.

A reasonable juror could reject Stackhouse's version of the events and reach the conclusion, based on the testimony of Gregory, Rasheen, and Officer Mayberry, along with additional physical evidence presented by the government, including the handgun found on the floor near Stackhouse, that Stackhouse possessed the firearm when he entered Union Motors on April 24, 2007.  See United States v. Haney, 23 F.3d 1413, 1417 (8th Cir. 1994) (sufficient evidence for conviction for being a felon in possession of a firearm where witness testified he saw defendant in possession of firearm immediately before arrest).  Thus, we conclude there was sufficient evidence for the jury's guilty verdict determining that Stackhouse was a felon in possession of a firearm.  See United States v. Wesseh, 531 F.3d 633, 636 (8th Cir. 2008) ("Direct or circumstantial evidence can provide the basis for a conviction."); Pruneda, 518 F.3d at 605 (a jury's determination of witness credibility "is not ours to dispute").

Accordingly, we affirm Stackhouse's conviction and subsequent sentence.

_____