# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3395

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Steven Wayne Watson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: June 16, 2010
Filed: June 23, 2010

———————

Before MURPHY, BEAM, and BENTON, Circuit Judges.

———————

PER CURIAM.

Steven Watson pled guilty to one count of conspiracy to possess pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(c)(1) and 846. The presentence investigation report (PSR) set Watson's total offense level at 23, with a criminal history category of VI, resulting in an advisory Guidelines range of 92 to 115 months' imprisonment. Watson conceded the accuracy of the PSR's calculations but requested a downward departure, arguing that his criminal history category substantially overstated the seriousness of his criminal history. See U.S.S.G. § 4A1.3(b). The district court[1] denied Watson's request, finding

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

that Watson's criminal history was not overstated, and sentenced Watson to 92 months' imprisonment. Watson appeals, arguing that (1) the district court erred when it found that his criminal history category did not overstate the seriousness of his criminal history, and (2) the resulting sentence was substantively unreasonable. We affirm.

First, to the extent Watson seeks review of the district court's denial of his request for a downward departure, that decision is "unreviewable unless the district court had an unconstitutional motive or an erroneous belief that it was without the authority to grant the departure." United States v. Cole, 525 F.3d 656, 660 (8th Cir. 2008). Watson does not argue that either of these exceptions applies here, and we therefore have no authority to review the court's denial of the requested departure. Id. And, "[t]o the extent [Watson's] same arguments could be applied to a variance, we do not perceive any abuse of discretion by the district court." United States v. Woods, 596 F.3d 445, 449 (8th Cir. 2010) (citing Gall v. United States, 552 U.S. 38, 46 (2007) (standard of review)).

Next, we review the substantive reasonableness of Watson's sentence under a deferential abuse-of-discretion standard, and we accord within-Guidelines sentences a "presumption of substantive reasonableness on appeal." United States v. Luleff, 574 F.3d 566, 569 (8th Cir. 2009) (quotations omitted). Watson argues that his 92-month sentence creates an unwarranted sentencing disparity, and is longer than necessary to promote deterrence and to protect the public. See 18 U.S.C. § 3553(a)(2) & (6). He emphasizes that several of his prior offenses were non-violent, and that his past crimes stem from drug addiction and poverty. But, "[t]he district court's decision to place greater emphasis in this case on factors that favored a sentence within the advisory range . . . than on other § 3553(a) factors that might favor a more lenient sentence is a permissible exercise of the considerable discretion available to a sentencing court." United States v. Ruelas-Mendez, 556 F.3d 655, 658 (8th Cir. 2009). Here, the court noted Watson's "lengthy, lengthy criminal history," which includes two prior prison

sentences, and cited § 3553(a), emphasizing the sentencing objectives of just punishment, general deterrence, and incapacitation.  See 18 U.S.C. § 3553(a)(2)(A)-(C).  The court also encouraged Watson to use his time in prison to gain educational and vocational training, and to get his "drug situation under control."  See id. § 3553(a)(2)(D).  Accordingly, there was no abuse of discretion by the district court and we hold that Watson's 92-month, within-Guidelines sentence is substantively reasonable.

For the foregoing reasons, we affirm.

_____