# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-3575

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Isaiah Mahone, | * | |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted: June 11, 2012
Filed: August 20, 2012

———————

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

———————

LOKEN, Circuit Judge.

Isaiah Mahone pleaded guilty to being a felon in possession of a firearm; the government dismissed a charge of possession with intent to distribute marijuana. At sentencing, overruling Mahone's objections, the district court[1] imposed three firearm enhancements and denied an acceptance-of-responsibility reduction, resulting in an advisory sentencing guidelines range above the statutory maximum term of 120 months in prison. The court imposed the statutory maximum sentence. Mahone appeals the sentence, arguing the district court's rulings were procedural guidelines

———————

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

errors. Reviewing these fact-intensive issues for clear error, we affirm. See <u>United States v. Ault</u>, 446 F.3d 821, 824 (8th Cir. 2006) (standard of review).

## I. The Firearm Enhancements

We summarize the relevant facts as recited in paragraphs of the presentence investigation report (PSR) to which Mahone did not object. After a series of controlled marijuana and ecstasy buys, law enforcement officers conducted warrant searches at Apartments 11 and 12 of a Fayetteville, Arkansas, apartment complex. Apartment 11 was leased to Mahone's sister's; Mahone was listed as the utilities account holder. When searched, the apartment was empty. Officers seized 44 grams of marijuana and several items consistent with drug trafficking. The lessee of Apartment 12 listed Mahone as his employer. Executing the warrant, officers breached a fortified door and found Mahone and two others inside. The ensuing search yielded two stolen firearms, a Glock semi-automatic pistol and a Smith and Wesson assault rifle; 296 grams of marijuana and drug paraphernalia; and three cell phones. A warrant search of the cell phones produced evidence that Mahone identified Apartment 12 as his residence and a video showing him shooting a Glock handgun at a firing range four months earlier. Mahone pleaded guilty to unlawful possession of the firearm shown in that video.

Under the advisory guidelines, the base offense level for Mahone's felon-in-possession offense is 20, U.S.S.G. § 2K2.1(a)(4)(A), subject to increases for specific offense characteristics governed by the Guidelines' relevant conduct principles. The relevant conduct guideline provides that, "solely with respect to offenses . . . for which § 3D1.2(d) would require grouping of multiple counts," relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct . . . as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Section 3D1.2(d) includes firearm offenses whose base offense level is governed by § 2K2.1. Applying these principles, the PSR recommended that Mahone "be held accountable for all of the

firearms involved in the instant offense (two of which were stolen), not just the firearm to which he pled guilty." Accordingly, the PSR recommended a two-level increase for three firearms, § 2K2.1(b)(1)(A); a two-level increase for stolen firearms, § 2K2.1( b)(4)(A); and a four-level increase for possession of a firearm in connection with another felony offense, § 2K2.1(b)(6). At sentencing, the district court overruled Mahone's objections to these enhancements.

On appeal, Mahone argues that the two firearms found during the warrant search of Apartment 12 were not relevant conduct for the offense of conviction because renting a weapon at a firing range "is not connected or similar to being in an apartment where drugs and stolen firearms are located." We disagree. At least four of our sister circuits have concluded that a defendant's pattern of unlawfully possessing multiple firearms over the course of several months constitutes "the same course of conduct" for relevant conduct purposes. See United States v. Brummett, 355 F.3d 343, 345 (5th Cir. 2003), and cases discussed. This conclusion is consistent with our decision in United States v. Cole, 525 F.3d 656, 659-60 (8th Cir. 2008), where we upheld enhancements based on two firearms, one of which was stolen, that were discovered at the same time as the "sawed-off" shotgun that was the basis for the failure-to-register offense of conviction.

"Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." U.S.S.G. § 1B1.3, comment. (n.9(B)). Here, the Offense Conduct paragraphs of the PSR, to which Mahone did not object, contained substantial evidence that the three firearms at issue were part of a single course of conduct: informants who made controlled buys reported guns being kept in the apartments; a regular marijuana and ecstasy customer of Mahone told officers that Mahone collected firearms and traded them for drugs; in a cell phone text message, Mahone was asked, "Can I come get that lil 380,"

-3-

by the perpetrator of an armed robbery that same night; and the cell phone contained pictures of other firearms as well as the video of Mahone shooting a handgun at a firing range less than four months before officers discovered two firearms in Apartment 12. On this record, the district court's findings that Mahone illegally possessed three firearms, two of which were stolen, were not clearly erroneous.

Mahone objects to the third enhancement -- possession of a firearm in connection with another felony offense -- because there was no evidence the firearm at the firing range was involved in any other felony. It is doubtless true that the rented firing-range handgun was not directly used to facilitate another felony. But Mahone's relevant conduct included the two firearms that were found in Apartment 12 along with a substantial quantity of marijuana and other evidence of drug trafficking. If Mahone had been convicted of both offenses initially charged, felon in possession and possession with intent to distribute marijuana, there can be no doubt these two weapons would warrant the § 2K2.1(b)(6) enhancement. See United States v. Whiting, 522 F.3d 845, 850 (2008). Mahone would have us sidestep this reality by arguing (without citation to authority) that "the dismissed [marijuana charge] is not relevant conduct." In general, relevant conduct includes "uncharged conduct [that] is part of the same course of conduct as the offense of conviction." Ault, 446 F.3d at 823. Given the "well-known tendency of drug criminals to use firearms in connection with their drug activities," United States v. Peroceski, 520 F.3d 886, 889 (8th Cir. 2008), the district court did not clearly err in finding that the same course of conduct for Mahone's offense of conviction included his closely interrelated drug trafficking and continuing illegal possession of firearms.

## II. Acceptance of Responsibility

The PSR noted that Mahone denied living at Apartment 12 and denied knowledge of the firearms and drugs found in the apartment, despite substantial evidence to the contrary. The PSR nonetheless recommended, with "some

-4-

reservations," a two-level reduction for acceptance of responsibility because he admitted the offense of conviction. However, in responding to Mahone's objections to the recommended firearm enhancements, the Probation Officer opined that, if the court finds the relevant conduct reported in the PSR to be true, and if Mahone "continues to deny or contest his involvement," he would be "acting in a manner inconsistent with acceptance of responsibility." At sentencing, the district court noted that the Guidelines provide for a reduction only if the defendant "clearly demonstrates acceptance of responsibility." U.S.S.G. § 3E1.1(a). The court denied Mahone a two-level reduction, explaining:

> I think all the defendant did was enter a plea of guilty and admit what he needed to admit to get his plea accepted and did not go beyond that. Then he has argued and tried to explain [and] denied things that simply were true, the conduct that had taken place prior to and during the time of his arrest. To me, that does not amount to a clear demonstration of acceptance of responsibility.

On appeal, Mahone argues the district court erred in denying the reduction because he objected to the relevant conduct enhancements recommended in the PSR. Mahone bases this contention on the commentary to the acceptance of responsibility guideline, which states that appropriate considerations in determining whether a defendant qualifies for this reduction include:

> truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable. . . . A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.

U.S.S.G. § 3E1.1, comment. (n.1(A)). The commentary further warns, "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." § 3E1.1, comment. (n.3).

After careful review of the sentencing record, we conclude the district court did not clearly err in denying an acceptance-of-responsibility reduction. As the above-quoted explanation makes clear, the court primarily denied Mahone a reduction because he falsely denied relevant conduct that was obviously true, both during the Probation Officer's interview and again in answering the court's questions at sentencing, not because he challenged firearm enhancements recommended in the PSR. Mahone would have us focus solely on the court's additional observation that the relevant conduct objections "border on being frivolous." But we need not decide whether the objections were in fact frivolous. The commentary focuses both on false denials and frivolous legal challenges. Here, as the district court found, Mahone's persistent denial of obviously relevant conduct -- that he was involved in the guns and drugs present in Apartment 12 -- was clearly false. For example, one person in the apartment when the officers arrived said she overheard Mahone telling his associate "to relax about the guns because the bullets were elsewhere and that he had flushed the Ecstacy that was in the apartment."

The judgment of the district court is affirmed.

_____