# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1515

_____

United States of America

*Plaintiff - Appellee*

v.

Todd DeAngelo Goodson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: January 14, 2019
Filed: April 15, 2019

_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

_____

LOKEN, Circuit Judge.

Todd DeAngelo Goodson pleaded guilty to Count 1 of an Indictment charging him with being a felon in knowing possession of a .45 caliber Beretta Px4 Storm pistol and a .223 AK47 pistol and 9 mm ammunition in violation of 18 U.S.C. §§ 922(g)(1)

and 924(a)(2). The district court[1] sentenced Goodson to 111 months imprisonment, near the bottom of his advisory guidelines range. Goodson appeals the sentence, arguing the district court clearly erred in imposing a two-level increase for possession of three firearms, USSG § 2K2.1(b)(1)(A), and in declining to award a two-level reduction for acceptance of responsibility, USSG § 3E1.1, and abused its discretion in declining to grant a downward variance. We affirm.

After surveillance revealed Goodson engaging in hand-to-hand transactions outside his residence in Waterloo, Iowa, Goodson drove away with a passenger and officers conducted a traffic stop because his driver's license was suspended. Before Goodson stopped, his passenger threw a baggie of marijuana out the window. After the stop, Goodson admitted having smoked marijuana and consented to a search of the vehicle. Officers found a Glock model 26 9 mm pistol under the passenger seat; Goodson denied knowledge it was there. Police then obtained and executed a warrant to search Goodson's residence. Three children were in the residence when the officers arrived. They found cocaine, marijuana, drug trafficking paraphernalia, and two firearms -- a .223 AK47 Champion pistol in the kitchen where loose marijuana was also found, and a .45 caliber Beretta PX4 Storm, loose 9 mm ammunition, and clothing linked to Goodson in a gym bag in the furnace room closet.

Paragraph 12 of Goodson's Presentence Investigation Report (PSR) stated that following his arrest, Goodson consented to an interview that was video recorded. He admitted frequently using marijuana and cocaine and selling marijuana to support his usage. He initially denied knowledge of the two firearms found in the warrant search, then admitted handling the Champion pistol but denied knowledge of the Beretta pistol. "Goodson also admitted that he had handled an unknown .25 caliber pearl-handled pistol approximately one month prior to the interview." The PSR

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

recommended a two-level increase under § 2K2.1(b)(1)(A) because he possessed these three firearms. Goodson timely objected to the statement in Paragraph 12 "that he handled the .25 caliber firearm."

At sentencing, addressing this issue, defense counsel clarified that "[t]he crux of [Goodson's] objection is that the pistol he supposedly handled was one and the same pistol to which he pled guilty." Therefore, he unlawfully possessed only the two firearms found in the warrant search of his residence. The government introduced and played for the court the portion of the recorded interview in which Goodson admitted handling a .25 caliber pearl-handled revolver. After the court observed that "You wouldn't mistake" that firearm for a .223 AK47 Champion pistol or a .45 caliber Beretta PX4 Storm, defense counsel argued:

> When Mr. Goodson pled, he pled to the PX4 Storm, which is a subcompact .45-caliber handgun, and not an overly large semiautomatic pistol. . . . Mr. Goodson in the 26-second video here talked about "I think it was a .25." It was an ambivalent statement. . . . And he came forward and pled guilty to the PX4 Storm and took responsibility for the AK-47. The comments on the tape were ambivalent at best, and we just don't think the government can get over that hoop to prove [that the .25-caliber handgun was a third firearm].

The government then introduced photos of the two firearms seized in the warrant search and photos of multiple firearms taken from Goodson's phone, one of which was the Glock found under the passenger seat when Goodson was arrested. At the court's request, the video was played again to confirm that Goodson said he handled a "pearl-handled" firearm. The court then stated, "Yes, he definitely described it as 'pearl-handled'" and noted the photos confirmed that the two other firearms did not have pearl handles. The court then ruled:

I find Mr. Goodson is frivolously contesting relevant conduct, specifically, disavowing a statement he made on a videotape a month before [his arrest] that he had handled a .25-caliber pearl-handled pistol.

After further argument and allocution, the court denied Goodson a two-level reduction for acceptance of responsibility:

[T]he Court finds that Mr. Goodson through his attorney made a false representation to this Court. He did not take the stand and testify to it, but he misled his attorney, who then made the statement to the Court concerning Paragraph 12, the .25-caliber pearl-handled pistol. This was an intentional misrepresentation done, obviously with the hope of reducing his sentence somewhat.

Based on these findings, the court determined an advisory guidelines range of 110 to 120 months, the statutory maximum sentence. After extensively reviewing the relevant aggravating and mitigating sentencing factors, the court sentenced Goodson to 111 months imprisonment. The court explained: "there are so many aggravating factors here . . . that totally overshadow the mitigating circumstances, the Court exercises its discretion not to vary downward," but "I gave him some leniency for entering a plea of guilty." The court also stated, "if I have erred in not granting acceptance of responsibility and in computing the advisory guidelines as to number of firearms, my sentence would still be 111 months."

On appeal, Goodson first argues the district court erred in finding he possessed three firearms and imposing a two-level increase. "The government did not establish that Goodson's mere handling of the firearm a month before amounted to unlawful possession," he argues, because possession "implies control or intent" and his interview comment does not establish "the context in which the pearl handled 25 was handled." When the issue is properly preserved, we review the three-firearm finding for clear error. United States v. Mahone, 688 F.3d 907, 909 (8th Cir. 2012). This particular argument was not made to the district court, but the § 2K2.1(b)(1)(A) issue

was argued at length. Regardless of the appropriate standard of review, there was no clear error. As the district court stated in framing the issue at sentencing, if you handle a firearm, "you possess it, and you possess it maybe for a few minutes, but you possess it." As Goodson was a convicted felon when he handled the pearl-handled pistol, his possession was unlawful.

Goodson next argues the district court clearly erred in denying an acceptance-of-responsibility reduction: he accepted responsibility for the firearms to which he pleaded guilty, and he did not "frivolously deny relevant conduct" because his "brief statement in a 26 second video clip" was not sufficient proof that he possessed a third firearm. We review the denial of acceptance of responsibility for clear error, giving the sentencing judge's determination "great deference." United States v. Adetiloye, 716 F.3d 1030, 1036 (8th Cir. 2013), cert. denied, 527 U.S. 1040 (2014). A defendant who "falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1, comment. (n.1(A)). Here, the district court denied acceptance because Goodson "disavowed a statement he made on a videotape . . . that he had handled a .25-caliber pearl-handled pistol," which was "an intentional misrepresentation done, obviously with the hope of reducing his sentence." There was no clear error. See Mahone, 688 F.3d at 911.

Finally, Goodson argues the district court abused its discretion by not properly considering the relevant § 3553(a) sentencing factors in denying his motion for a downward variance from the advisory guidelines sentencing range. The district court thoroughly explained its weighing of the aggravating and mitigating sentencing factors. A within-range sentence is presumptively reasonable. United States v. Huston, 744 F.3d 589, 593 (8th Cir. 2014). There was no abuse of discretion.

The judgment of the district court is affirmed.

_____