# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-2381

———————————————

United States of America

*Plaintiff - Appellee*

v.

Charles Gail Westfall, Jr.

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Central

——————————

Submitted: March 19, 2021
Filed: April 30, 2021
[Unpublished]

——————————

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Defendant Charles Gail Westfall, Jr. pled guilty to possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Westfall now appeals, arguing the

district court[1] committed clear error at sentencing when it determined the scope of Westfall's relevant conduct included not only the firearm charged in the indictment but also at least a dozen additional stolen firearms. See United States v. Goodson, 920 F.3d 1209, 1211 (8th Cir. 2019) (standard of review). We find no error and we affirm.

Westfall is a methamphetamine addict and was involved in burglaries, at least in part to support his drug habit. In mid-June 2017, he and three accomplices burglarized an unoccupied farmhouse in rural Iowa. Among the items stolen was a shotgun, which Westfall later traded for methamphetamine. About 11 weeks later, Westfall (with different accomplices) burglarized another Iowa home and stole a stock of firearms, including an AR-15 rifle. That night, law enforcement arrested Westfall following a traffic stop. As a result of the stop, law enforcement obtained a search warrant and conducted a search of the pickup Westfall was in, ultimately recovering most of the firearms from the second burglary. Westfall was convicted and sentenced in state court for the second burglary.

In February 2019, law enforcement connected Westfall to the first burglary. Westfall was indicted and ultimately pled guilty to possessing the stolen shotgun pursuant to a written plea agreement. The plea agreement preserved the issue of relevant conduct for sentencing.

Without the enhancements at issue, Westfall faced an advisory Guidelines range of 51 to 63 months' imprisonment. But, because the district court determined that the scope of Westfall's relevant conduct encompassed the stolen firearms from the second burglary, two enhancements applied: (1) an increase to base offense level 20 for possession of a semiautomatic firearm capable of accepting a large capacity

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

magazine (the AR-15 rifle), and (2) an additional four-level increase for an offense involving between 8 and 24 firearms. See U.S.S.G. § 2K2.1(a)(4)(B) and (b)(1)(B). With these enhancements, Westfall's advisory guidelines range increased to 130 to 162 months' imprisonment (reduced to the statutory maximum of 120 months). The district court varied downward and imposed a term of imprisonment of 104 months and 29 days.[2]

Westfall challenges the enhancements under U.S.S.G. § 2K2.1, asserting that the firearms from the second burglary are not relevant conduct to the offense of conviction because the two burglaries giving rise to the possession of the various stolen firearms are not "part of the same course of conduct" since they occurred "months" apart. See U.S.S.G. § 1B1.3(a)(2). To determine whether offenses are part of the "same course of conduct," we consider "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." United States v. Paul, 932 F.3d 1163, 1165 (8th Cir. 2019) (quoting U.S.S.G. § 1B1.3, comment. (n.5(B)(ii))).

Upon consideration of the relevant factors, we conclude there is ample evidence in the record to support the enhancements. The district court found, which the record supports, the purpose of the burglaries was to obtain stolen goods to trade for drugs or cash or to otherwise assist Westfall's use of illegal drugs. Each of the firearms at issue came into Westfall's possession as a result of home burglaries. A "pattern of unlawfully possessing [stolen] firearms" is sufficiently similar to constitute relevant conduct. United States v. Mahone, 688 F.3d 907, 909 (8th Cir. 2012) (collecting cases involving a pattern of unlawful firearm possession).

---

[2]The district court later adjusted Westfall's sentence, reducing it by 247 days for time served in custody on state cases from Wright County, Iowa, and Story County, Iowa.

In addition to the similarity of the offenses, the offense of conviction and the relevant conduct burglary were only 11 weeks apart.  The short time interval supports the district court's relevant conduct determination.  <u>See</u> <u>Paul</u>, 932 F.3d at 1164–65 (concluding two domestic assaults involving the brandishing of a gun that occurred within four months of the charged offense of possession of a firearm while under felony indictment demonstrated a pattern of regularity and were sufficiently similar to establish a course of conduct).  Even though the remaining factor, regularity, was given no appreciable weight by the district court in this case, the strength of the other factors supports the district court's relevant conduct finding.  <u>See</u> U.S.S.G. § 1B1.3, comment (n.5(B)(ii)) (noting that the absence of one factor is not fatal so long as "a stronger presence of at least one of the other factors" is shown).

In light of the common purpose, the short interval between the offenses, and the fact that each offense similarly resulted in stolen firearms in Westfall's possession, the district court committed no error, clear or otherwise, when it found that Westfall's possession of stolen firearms from the second burglary was relevant conduct for his offense of conviction.  We affirm.

_____