# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3050
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Allen Morris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 12, 2026
Filed: June 8, 2026
[Unpublished]

_____

Before SMITH, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

When officers stopped Joshua Allen Morris in February 2023, they found a loaded 9mm caliber handgun, an unloaded .22 caliber handgun, a magazine loaded with 9mm ammunition, a user quantity of methamphetamine, and two syringes. When officers stopped him again in June 2023, they found a .45 caliber handgun, a bag of marijuana, 23 grams of methamphetamine, a syringe, and a digital scale.

Morris was charged with two counts of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He admitted the facts above and pleaded guilty to the count based on the February stop. The second count was dismissed. Morris acknowledged in his plea agreement that the admitted facts "may be considered relevant conduct pursuant to Section 1B1.3." The district court[1] imposed a 110-month sentence.

Morris first argues that the district court erred when it increased his offense level under U.S.S.G. § 2K2.1(b)(1)(A) for an offense that involved three firearms. He claims that his relevant conduct does not include the June gun possession, which he says was unrelated to possessing two guns in February.

To the extent he did not waive this argument in his plea agreement, we reject it. For purposes of § 2K2.1(b)(1)(A), "'offense' means 'the offense of conviction and all relevant conduct.'" United States v. Cole, 525 F.3d 656, 658 (8th Cir. 2008) (quoting U.S.S.G. § 1B1.1 cmt. n.1(H)). Relevant conduct includes all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). We consider the similarity and regularity of the offenses, as well as the time interval between them, to determine whether offenses are sufficiently connected to each other to be the same course of conduct. United States v. Mahone, 688 F.3d 907, 910 (8th Cir. 2012) (citing U.S.S.G. § 1B1.3(a)(2) cmt n.9(B)). This bar is not high, and we have upheld "same course of conduct" findings based on "a defendant's pattern of unlawfully possessing multiple firearms over the course of several months." Id. at 909; see United States v. Goodson, 920 F.3d 1209, 1211 (8th Cir. 2019) (upholding § 2K2.1(b)(1)(A) enhancement based on the defendant's handling of a pistol about a month before two guns were found in his car during a traffic stop). The district court said Morris was on notice to avoid guns after the February arrest, but "a few months later . . . he ha[d] another firearm." Morris was stopped with guns, drugs, and drug paraphernalia in

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

his car—similar, repeated conduct in a matter of months.  The district court did not clearly err in finding that the February and June possessions were part of the same course of conduct.  See Mahone, 688 F.3d at 909 (standard of review).

Morris next argues that the district court erred when it increased his offense level under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm "in connection with another felony offense," namely, possession of methamphetamine.[2]  When the other felony is drug possession, there must be a showing that the firearm facilitated or had the potential to facilitate the drug possession offense.  United States v. Johnson, 846 F.3d 1249, 1250 (8th Cir. 2017).  This bar isn't high either.  We have held that "when a drug user chooses to carry illegal drugs out into public with a firearm, an 'in connection with' finding will rarely be clearly erroneous."  United States v. Holm, 745 F.3d 938, 940 (8th Cir. 2014) (citation omitted); see United States v. Sneed, 742 F.3d 341, 344–45 (8th Cir. 2014) ("The 'facilitate' standard may be met 'when a defendant concurrently possesses drugs and a firearm while in public, like in a car.'" (citation omitted)).  That finding is not clearly erroneous here.  See Holm, 745 F.3d at 941 (upholding finding when defendant had a gun in his waistband and a user quantity of methamphetamine and two pipes in his car).

Finally, Morris argues that the district court failed to make a finding that the guns facilitated or had the potential to facilitate Morris's drug possession.  But the district court overruled Morris's objection, cited our "facilitate" case law, and applied the enhancement. That's enough. See United States v. Jones, 990 F.3d 1141, 1143 (8th Cir. 2021) ("We have never reversed a § 2K2.1(b)(6)(B) enhancement merely because a specific 'facilitate' finding was not made." (cleaned up)).

Affirmed.

_____

---

[2]After Morris was sentenced, § 2K2.1(b)(6)(B) was redesignated as § 2K2.1(b)(7)(B).  U.S.S.G. app. C., amend. 834 (effective Nov. 1, 2025).