# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3005

_____

United States of America,      *
                                 *

     Plaintiff - Appellee,     *

                                    *   Appeal from the United States

v.                           *   District Court for the

                                  *   Western District of Missouri.

Tramayne D. Keith,       *

                                  *

     Defendant - Appellant.   *

_____

Submitted: April 14, 2011
Filed: May 16, 2011

_____

Before RILEY, Chief Judge, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Tramayne D. Keith pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. §924(e). The district court[1] sentenced him as an armed career criminal under §924(e), imposing the mandatory 180 months' imprisonment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

In his plea agreement, Keith admitted the following prior felony convictions: domestic assault in the second degree, the sale of controlled substances on or about September 16, 1997, and the possession of controlled substances with intent to distribute on or about September 25, 1997. The district court found that these three convictions–which were also summarized in the PSR–qualified as predicate offenses under the armed career criminal statute.

On appeal, Keith argues–as permitted by the plea agreement–that the district court improperly counted these convictions as predicate offenses within the meaning of § 924(e), a legal determination this court reviews *de novo*. *See **United States v. Boaz***, 558 F.3d 800, 806 (8th Cir. 2009).

The Armed Career Criminal Act (ACCA) mandates a fifteen-year sentence for a felon in possession who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." **18 U.S.C. § 924(e)(1)**. The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." **18 U.S.C. § 924(e)(2)(B)**. The ACCA defines "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." **18 U.S.C. § 924(e)(2)(A)(ii)**.

Keith's domestic-assault conviction under Mo. Rev. Stat. § 565.073 qualifies as a violent felony and is a predicate offense under the ACCA. *See **United States v. Jones***, 574 F.3d 546, 550-53 (8th Cir. 2009) (holding that domestic-assault convictions under Mo. Rev. Stat. § 563.073 are violent felonies and predicate offenses under the ACCA). Keith argues that the domestic assault is not a predicate

violent felony because he served only probation. To the contrary: "As the word 'punishable' makes clear, the focus of [the ACCA] definition is on the prison sentence that *may* be imposed under state law, 'regardless of the actual sentence imposed.'" ***United States v. Clinkscale***, 559 F.3d 815, 817 (8th Cir. 2009), *quoting* **U.S.S.G. § 4B1.2 comment. (n.1).**

On September 28, 1999, Keith was found guilty and sentenced based on conduct involving controlled substances that occurred on two dates–on or about September 16, 1997, and on or about September 25, 1997. Keith contends that these drug convictions are one predicate offense because they were similar in kind, occurred less than a week apart, and were charged in the same document.

The similarity of the offenses and their temporal proximity are not legally relevant in determining whether they are separate convictions under the ACCA. *See* ***United States v. Van***, 543 F.3d 963, 966 (8th Cir. 2009) ("[C]onvictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if the transactions were sales to the same victim or informant."). Keith further acknowledges that the "status of the law in the 8th circuit is that a single charging document containing separate underlying counts may serve as the basis for separate convictions when considering whether the offenses constitute serious drug offenses for purposes of armed career offender consideration."

Yet, citing *Shepard v. United States*, 544 U.S. 13 (2005), Keith asserts that the district court impermissibly relied upon unverified police reports to conclude that the separate drug counts in the single charging document concerned activity on separate days. In *Shepard*, the Court held that a sentencing court may not look to police reports to determine the character of a burglary, specifically whether a conviction was for generic burglary (as required to qualify as an ACCA predicate offense). *Id*. at 16. Instead, the district court is limited (generally) to examining the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and *any*

*explicit factual finding by the trial judge to which the defendant assented.*" ***Id***. (emphasis added). To the extent that Keith objected to the precise dates of the drug offenses, the district court had ample factual basis for overruling the objection. Keith's federal plea agreement admitted the exact dates of the offenses. Similarly, because Keith did not object to the drug offense dates in the PSR, the district court properly accepted the facts as true. *See **United States v. Davis***, 583 F.3d 1081, 1095-96 (8th Cir. 2009) ("Unless a defendant objects to a specific allegation contained in the PSR, the court may accept that fact as true for sentencing purposes."). Keith's drug convictions are two, separate predicate offenses under the ACCA.

The judgment of the district court is affirmed.

_____