# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 12-1096

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Thomas L. Richardson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 11, 2012
Filed: June 29, 2012

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Thomas L. Richardson pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] determined that Richardson was an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and sentenced him to the statutory minimum of 180 months' imprisonment. Richardson appeals his sentence, arguing that he is not an armed career criminal under § 924(e). We affirm.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

## I. *Background*

On November 21, 2010, Richardson's girlfriend called 911 and reported that she had discovered a firearm that she believed belonged to Richardson under a mattress. She also reported that she had a drug problem. Officers with the Poplar Bluff, Missouri Police Department met with Richardson and his girlfriend at their apartment. Richardson's girlfriend told the officers that she hid the gun behind a bedroom dresser because she feared for her life, and she also stated that Richardson may have had heroin concealed in the apartment. She directed officers to a bedroom dresser where they recovered a 9-millimeter, semi-automatic handgun loaded with 12 rounds of ammunition.

Officers determined Richardson was a convicted felon and the subject of active arrest warrants. They arrested Richardson and, after obtaining consent, searched the apartment. During their search, officers found 28 additional rounds of ammunition along with materials associated with the abuse of illegal controlled substances.

On May 20, 2011, a grand jury indicted Richardson on one count of being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On September 28, 2011, Richardson pleaded guilty to being a felon in possession of a firearm. According to a written agreement, the parties agreed that

> the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen (15) years if the defendant is properly classified as an [a]rmed [c]areer [c]riminal. If the defendant is not classified as an [a]rmed [c]areer [c]riminal, the maximum term of imprisonment is ten (10) years, with no mandatory minimum sentence, follow[ed] by a period of supervised release of not more than three (3) years.

The district court accepted Richardson's guilty plea.

The United States Probation Office prepared a presentence investigation report (PSR), which indicated that Richardson's criminal history included prior convictions for several misdemeanors; possession of a controlled substance; two counts of distribution of a controlled substance on May 16, 1994, and May 18, 1994; and one count of sale of a controlled substance on May 9, 1995. Because Richardson "ha[d] three prior convictions for Sale and Distribution of Controlled Substance[s]" occurring on May 16, 1994, May 18, 1994, and May 9, 1995, the PSR determined Richardson was an armed career criminal under 18 U.S.C. § 924(e) and applied "the provisions of Section 4B1.4," raising Richardson's offense level to 33. After a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), the PSR calculated Richardson's final offense level as 30 and his criminal history category as V. The PSR stated that the recommended Guidelines range for Richardson's sentence was "normally 151 to 188 months; however, as the statutory minimum sentence is 15 years, . . . the [G]uideline[s] imprisonment range becomes 180 to 188 months."

Richardson objected to the application of U.S.S.G. § 4B1.4 and the determination that he was an armed career criminal under 18 U.S.C. § 924(e). Richardson argued that counts one and two of his conviction for distribution of a controlled substance "were not committed on occasions sufficiently different from one another to invoke the [a]rmed [c]areer [c]riminal penalties." At sentencing, the district court overruled Richardson's objection and sentenced Richardson to 180 months' imprisonment.

## II. *Discussion*

On appeal, Richardson argues that the district court erred by sentencing him as an armed career criminal pursuant to 18 U.S.C. § 924(e) because his prior conviction for two counts of distribution of a controlled substance does not constitute two, separate predicate offenses. We review de novo a district court's determination that a defendant's criminal convictions are predicate offenses under the ACCA.

*United States v. Willoughby*, 653 F.3d 738, 741 (8th Cir. 2011). Under § 924(e)(1), a defendant convicted of being a felon in possession of a firearm is an armed career criminal if he has "three previous convictions . . . for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*." (Emphasis added.) "[T]o qualify as predicate offenses under the statute, each conviction must be a separate and distinct criminal episode, rather than part of a continuous course of conduct." *Willoughby*, 653 F.3d at 741 (quotation and citation omitted).

In *Willoughby*, we held that the defendant's sale of drugs "to [an] officer and, seconds later, to [a] confidential informant," were not "separate and distinct criminal episodes" but instead "one continuous course of conduct" because they were "committed, in essence, simultaneously." *Id.* at 741–42 (quotations and citation omitted). We listed "three factors as important considerations in deciding whether offenses are sufficiently separate and distinct to serve as individual predicate convictions for ACCA enhancement: (1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3) their lack of overall substantive continuity." *Id.* at 742–43. We noted that "we have repeatedly held that convictions for separate drug transactions *on separate days* are multiple ACCA predicate offenses, even if the transactions were sales to the same victim or informant." *Id.* at 742 (quotation, alteration, and citation omitted). "[W]ith respect to the time lapse between the drug deals," we concluded that "section 924(e) does not require separate prosecutions; *it is sufficient that the offenses occurred at different times*." *Id.* at 743 (quotation, alteration, and citation omitted). In light of *Willoughby*, the district court did not err in determining that Richardson's two-count conviction for distribution of a controlled substance constituted two, separate predicate convictions for ACCA-enhancement purposes when the sales comprising each count of the conviction occurred on separate days.[2]

---

[2]Richardson argues that we should interpret § 924(e) in a manner identical to U.S.S.G. § 4B1.1, the career-offender guideline, which counts prior sentences

Richardson also argues that the district court's ruling "ran afoul of the Sixth Amendment" because "[t]he only information regarding the predicate offenses was the summary provided by the [PSR]." Richardson contends that because he "did not admit to his prior offenses occurring on specific dates, and the government offered no *Shepard*[-]approved documents to support its argument regarding specific dates, the lower court's determination that these predicate offenses occurred on different occasions . . . violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000)." In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Because "§ 924(e) focuses on the *fact* of the conviction," prior convictions used to establish a defendant's status as an armed career criminal need not be pled in the indictment or proved beyond a reasonable doubt. *United States v. Campbell*, 270 F.3d 702, 707–08 (8th Cir. 2011); *see also United States v. Abernathy*, 277 F.3d 1048, 1050 (8th Cir. 2002).[3]

---

separately "[i]f there is no intervening arrest" unless "the sentences resulted from offenses contained in the same charging instrument" or "the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2). He concedes in his brief, however, that this argument "is foreclosed" by *Willoughby*. Moreover, we have said before that "the separateness of prior convictions is evaluated differently for purposes of determining U.S.S.G. § 4B1.1 career offender and section 924(e) armed career criminal statuses." *United States v. Ross*, 569 F.3d 821, 824 n.3 (8th Cir. 2009).

[3]Moreover, *Shepard v. United States*, 544 U.S. 13 (2005), which Richardson cites, is not applicable here. In *Shepard*, the Supreme Court limited the materials that a district court could consider to determine whether a defendant who had been convicted under an overinclusive statute had been convicted of a predicate offense. Richardson has not alleged that the drug distribution and sales statutes under which he was convicted are overinclusive or that those prior convictions were for something other than a serious drug offense.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____