# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2298
_____

United States of America

*Plaintiff - Appellee*

v.

Michael D. Ramsey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 18, 2013
Filed: January 31, 2013
[Unpublished]

_____

Before BYE and MELLOY, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

Michael Ramsey pleaded guilty to being a felon in possession of a firearm. After it concluded Ramsey was an armed career criminal, see 18 U.S.C. § 924(e)(1),

_____

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

the district court[2] sentenced Ramsey to 188 months of imprisonment. On appeal, Ramsey contends (1) the "residual clause" of the Armed Career Criminal Act (ACCA) is unconstitutionally vague; (2) his robbery and armed criminal action convictions are a single offense for sentencing purposes, leaving him one conviction short of the three predicate convictions required for ACCA sentencing; and (3) his predicate convictions are an element of the ACCA offense and must be proved to a jury beyond a reasonable doubt. Because each of Ramsey's arguments is foreclosed by either Supreme Court precedent or Eighth Circuit precedent, we affirm.

Ramsey argues the "inherently vague and amorphous quality of the statutory language of the residual clause" makes it unconstitutionally vague. Appellant's Br. 7; see also 18 U.S.C. § 924(e)(2)(B) (residual clause). Citing Justice Scalia's dissenting opinions in recent Supreme Court ACCA cases, Ramsey claims the language of the residual clause does not give persons of ordinary intelligence fair notice of the statute's reach. See Derby v. United States, 131 S. Ct. 2858, 2859 (2011) (Scalia, J., dissenting from denial of certiorari); Sykes v. United States, 131 S. Ct. 2267, 2287-88 (2011) (Scalia, J., dissenting); United States v. Batchelder, 442 U.S. 114, 123 (1979) (quotation and citation omitted) (concluding statutes which do not give persons of ordinary intelligence fair notice of what conduct is prohibited are unconstitutionally vague). Reviewing Ramsey's constitutional claim de novo, United States v. Smith, 656 F.3d 821, 826 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 1586 (2012), we disagree because the Supreme Court has rejected this argument twice in the last six years. Sykes, 131 S. Ct. at 2277 (quotation and citation omitted) (concluding "the residual clause . . . provides guidance that allows a person to conform his or her conduct with the law"); United States v. James, 550 U.S. 192, 210 n.6 (2007) ("[W]e are not persuaded by Justice Scalia's suggestion . . . that the

---

[2]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

residual provision is unconstitutionally vague."). Ramsey's argument is at odds with two direct statements from the Supreme Court, and accordingly, we must reject it.

Ramsey further argues the district court violated his Sixth Amendment right to a jury trial because the court, rather than a jury, determined his two robbery and armed criminal action convictions occurred on different occasions rather than as a result of a continuous course of criminal conduct. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). If the convictions resulted from a continuous course of criminal conduct, Ramsey claims, only one conviction would count for ACCA purposes, and Ramsey would not have the three required convictions. See 18 U.S.C. § 924(e)(1); United States v. Willoughby, 653 F.3d 738, 741 (8th Cir. 2011). Applying de novo review, Smith, 656 F.3d at 826, we disagree because Ramsey's argument is once again foreclosed by precedent. We have previously held the question of whether prior felonies were committed on separate occasions may be resolved by a judge. United States v. Wilson, 406 F.3d 1074, 1075 (8th Cir. 2005), *abrogated on other grounds by* United States v. Miller, 305 F. App'x 302, 303 (8th Cir. 2008) (per curiam) (unpublished); United States v. Marcussen, 403 F.3d 982, 985 (8th Cir. 2005) ("Once the sentencing court determines that a prior conviction exists, it is a legal question for the court whether the crime meets the 'crime of violence' definition . . . ."). Because "one panel is bound by the decision of a prior panel" in our circuit, United States v. Betcher, 534 F.3d 820, 823-24 (8th Cir. 2008) (quotation and citation omitted), we must reject Ramsey's argument in light of our prior holdings.

Finally, Ramsey contends the district court erred when it sentenced him under ACCA because the indictment did not charge Ramsey with having three predicate convictions. Ramsey concedes Apprendi excepted "the fact of a prior conviction" from the rule requiring any fact which increases a criminal penalty beyond the

statutory maximum be proven to a jury beyond a reasonable doubt. <u>Apprendi</u>, 530 U.S. at 490. He also concedes recidivism, as a basis for increasing an offender's sentence, is a sentencing factor which need not be charged in the indictment. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 230 (1998). He submits, however, <u>Almendarez-Torres</u> was wrongly decided and "'[i]nnumerable criminal defendants have been unconstitutionally sentenced' under its flawed rule." Appellant's Br. 15 (quoting <u>Shepard v. United States</u>, 544 U.S. 13, 27 (2005) (Thomas, J., concurring in part and concurring in judgment)). Again, we review de novo. <u>Smith</u>, 656 F.3d at 826. Ramsey correctly notes recidivism "goes to the punishment only." <u>Almendarez-Torres</u>, 523 U.S. at 244 (emphasis removed) (quotation and citation omitted). Because recidivism is a penalty provision rather than a separate crime, the government is not required to charge the fact of a prior conviction or prove it to a jury. <u>Id.</u> at 226-27. Subsequent Supreme Court decisions have reaffirmed this conclusion. <u>United States v. Booker</u>, 543 U.S. 220, 244 (2005); <u>Apprendi</u>, 530 U.S. at 490. The Eighth Circuit has recognized as much. <u>United States v. Sohn</u>, 567 F.3d 392, 394 (8th Cir. 2009); <u>United States v. Campbell</u>, 270 F.3d 702, 708 (8th Cir. 2001). We reject Ramsey's argument to the contrary.

The judgment of the district court is affirmed.

_____