# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1268

_____

United States of America

*Plaintiff - Appellee*

v.

Bryant Duane Griffin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 21, 2013
Filed: November 22, 2013
[Unpublished]

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Bryant Griffin guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). After finding that Griffin was an armed career

criminal (ACC), the district court[1] sentenced him to 240 months' imprisonment, a within-Guidelines sentence. On appeal, Griffin argues that (1) his 240-month sentence is substantively unreasonable and (2) his Sixth Amendment rights were violated by application of the Armed Career Criminal Act (ACCA). We affirm.

## I. *Background*

While a passenger on a bus, Griffin argued with other passengers. During the dispute, Griffin removed a handgun from his jacket pocket and "racked the slide," apparently placing a live round in the gun's chamber. The other passengers exited the bus at the next stop and reported the incident to police. Some passengers reentered the bus, attempting to get Griffin to leave the bus. At that time, Griffin racked the slide on the handgun again, and the passengers fled the bus. Griffin sat back down and remained on the bus as it continued its route. When the police arrived, they found Griffin unarmed and seated in the back of the bus. Police recovered the firearm from underneath a row of seats directly in front of where Griffin was sitting. Recorded video from the bus's security camera confirmed Griffin's actions.

Following Griffin's conviction, a presentence report (PSR) was prepared. According to the PSR, Griffin had 13 adult convictions, four of which the PSR identified as ACCA predicate offenses: (1) attempted terroristic threats, (2) third-degree sale of narcotics, (3) second-degree sale of three grams or more of cocaine/heroin/meth within a 90-day period, and (4) second-degree sale of three grams or more of cocaine/heroin/meth within a 90-day period. The PSR calculated a total offense level of 34 and a criminal history category of VI, resulting in an advisory Guidelines range of 262 to 327 months' imprisonment. The total offense level was based on application of the ACC provision, U.S.S.G. § 4B1.4(b)(3), which establishes a base offense level of 34 "if the defendant used or possessed the firearm . . . in

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

connection with . . . a crime of violence, as defined in § 4B1.2(a)." The PSR recommended application of the provision, concluding that "the defendant used or possessed the firearm in connection with a crime of violence, specifically, the Aggravated Assault on the bus when the defendant pulled the firearm from his pocket and yelled at the other passengers." This same conduct also increased Griffin's criminal history from category V to category VI.

Prior to sentencing, Griffin objected to his classification as an ACC, arguing that (1) his conviction for attempted terroristic threats did not qualify as a violent felony under the ACCA, (2) his two convictions for second-degree sale of three grams or more of cocaine/heroin/meth within a 90-day period should count as a single conviction because they were consolidated for sentencing purposes, and (3) U.S.S.G. § 4B1.4(b)(3)(A) did not apply because the jury did not find him guilty of committing aggravated assault. Griffin requested that the district court consider hospitalization in lieu of incarceration based on his prior false assertion that he had a twin brother who was killed in a drive-by shooting.[2] The government agreed with the PSR's advisory Guidelines calculation and requested a 300-month sentence.

At sentencing, the district court declined to apply § 4B1.4(b)(3)(A). Instead, the district court found that the base offense level was 33 under U.S.S.G. § 4B1.4(b)(3)(B), the ACC provision that does not require that a defendant use or possess a firearm in connection with a crime of violence. Because the district court did not apply § 4B1.4(b)(3)(A), Griffin's criminal history category dropped from VI to V, resulting in an advisory Guidelines range of 210 to 262 months' imprisonment. In sentencing Griffin to 240 months' imprisonment, the district court stated:

---

[2]The United States Probation Office conducted a presentence investigation following Griffin's conviction. During Griffin's interview, Griffin told the probation officer that his twin brother was killed in a drive-by shooting in Chicago when he was ten years old. But, according to Griffin's mother, he did not have a twin brother and was living in Minneapolis by ten years of age.

The *history* that you have leading up to today's sentencing is one that would cause any reasonable person to fear that you are a *danger to the community*. Your lawyer doesn't say this, but there is actually a separate, in fact, it might be one of those statutes that we were talking about earlier that makes it a separate crime to try to threaten—we were looking at this 609.713.

And one of the things that specifically mentioned there is threatening with a purpose of either terrorizing or causing the evacuation of, among other things, a public transportation facility. *And that conduct that we witnessed* with you in that bus and trying to make sure that the gun was ready to fire with the racking is, that is very, very dangerous behavior.

Your letter is eloquent, but there's nothing here that weighs very strongly against the impression that you don't fully understand the *seriousness of your criminal conduct*, and the effect that your actions have on other people.

I'm utterly mystified by the statement that you made to the probation officer that you had a twin brother who was killed in a fight when you were ten years old.

\* \* \*

Your mother seems like a perfectly reasonable person, says you moved here when you were seven. You never had a twin brother who was killed. As I understand it, you didn't include that when you were going through the family history. That was an add-on. That is bizarre. And if it was true, you would think that there would be other references to it. If it's false, it's just one more indication that you've got some problem with admitting the truth and the facts. So I don't know what the reason is for that.

But I'm going to sentence you to 240 months, and that is the sentence.

(Emphases added.)

## II. *Discussion*

Griffin argues that (1) his 240-month sentence is substantively unreasonable and (2) his Sixth Amendment rights were violated by application of the ACCA.

### A. *Substantive Reasonableness*

Griffin argues that his 240-month sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing purposes of 18 U.S.C. § 3553(a). He contends that his sentence is substantively unreasonable because (1) of "the relatively short prison and jail sentences imposed on [him] for his prior convictions reflects that his criminal history is indeed less serious than it appears at first glance"; (2) "a lesser term of incarceration would have been adequate to deter and punish [him], and to deter others as well"; (3) "the sentence d[oes] not reflect sufficient consideration of the mitigating circumstances presented by [his] life"; and (4) "the circumstances of his offense support a sentence less than the twenty years imposed" because "he did not use th[e] firearm in any crime, point it at anyone, or fire it."

"Where, as here, [Griffin] does not argue that the district court committed a procedural error, we bypass the first part of our review and move directly to review the substantive reasonableness of his sentence." *United States v. Franik*, 687 F.3d 988, 990 (8th Cir. 2012) (quotation and citation omitted).

> Our task is to determine whether the district court abused its discretion by imposing a sentence that is substantively unreasonable. *United States v. Linderman*, 587 F.3d 896, 900 (8th Cir. 2009). [Griffin] challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to accomplish the sentencing purposes of § 3553(a). Contrary to the government's position regarding our standard of review, [Griffin's] failure to object at the sentencing hearing does not limit our review of the substantive reasonableness of the sentence to plain error. *Id.* at 900–01. "A defendant need not object to preserve an attack on the length of the sentence imposed if he alleges only that the District Court erred in weighing the § 3553(a) factors." *United States v. Miller*, 557 F.3d 910,

916 (8th Cir. 2009). A sentence that is within the applicable guidelines range may be presumed to be substantively reasonable. *United States v. Ruelas–Mendez*, 556 F.3d 655, 657 (8th Cir. 2009); *United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2008).

*United States v. Bolivar-Diaz*, 594 F.3d 1003, 1005 (8th Cir. 2010). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009) (citation omitted).

Here, Griffin's 240-month sentence is presumptively reasonable because it falls within the applicable Guidelines range, which Griffin has not challenged. "While the district court did not expressly cite § 3553(a), the court highlighted [Griffin's] lengthy criminal history [and the nature and circumstances of the offense], *see* 18 U.S.C. § 3553(a)(1) . . . ." *United States v. Blackmon*, 662 F.3d 981, 988 (8th Cir. 2011). This court "do[es] not require district courts to mechanically recite the § 3553(a) factors, and district courts are not required to make robotic incantations that each statutory factor has been considered." *Id.* (quotations and citations omitted).

Our review of the record reveals that the district court considered the advisory Guidelines range, the information contained in the PSR, the parties' arguments, Griffin's statements in his letter to the court, and the § 3553(a) factors. "Because [Griffin's] sentence came within the applicable guidelines range and is amply supported by the record, we conclude that the sentence is not substantively unreasonable and that the district court did not abuse its discretion." *Bolivar-Diaz*, 594 F.3d at 1005.

## B. *ACCA*

Griffin also argues that application of the ACCA to him violated his Sixth Amendment rights, as interpreted by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He asserts that *Apprendi* was violated in two ways. First, he asserts that the jury instead of the court "should have been required to determine

whether his criminal history contained the necessary predicate offenses to trigger application of the ACCA." Second, he argues that the jury should have made a specific finding as to whether his drug-sales convictions "were committed 'on occasions different from one another,' in order to count as separate predicate offenses."

But, in his opening brief, "Griffin concedes that both arguments are foreclosed by precedent." (Citing *Almendarez-Torres v. United States*, 523 U.S. 224, 227 (1998) (holding that recidivism, as a basis for increasing an offender's sentence, is a sentencing factor that need not be charged by indictment or proven to a jury beyond a reasonable doubt); *United States v. Sohn*, 567 F.3d 392, 394 (8th Cir. 2009) ("This Circuit in *United States v. Campbell* recognized the continuing validity of *Almendarez-Torres* as a narrow exception to the rule announced in *Apprendi*.") (citing *Campbell*, 270 F.3d 702, 708 (8th Cir. 2001)); *United States v. Ramsey*, 498 F. App'x 653, 654 (8th Cir. 2013) (unpublished per curiam) ("We have previously held the question of whether prior felonies were committed on separate occasions may be resolved by a judge."). While Griffin asserts that this precedent was wrongly decided, "we cannot disregard controlling precedent." *United States v. Cornelison*, 717 F.3d 623, 628 (8th Cir. 2013) (citation omitted).

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____