# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1914

_____

United States of America

*Plaintiff - Appellee*

v.

Floyd A. Evans

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 18, 2013
Filed: January 2, 2014
[Published]

_____

Before SHEPHERD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Floyd Evans pleaded guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(a) and 924(e)(1). The district court[1] determined that

---

[1] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Evans was an armed career offender, based on his three previous convictions,[2] and sentenced him to 180 months' imprisonment, pursuant to § 924(e)(1). On appeal Evans argues that (1) the residual clause of the Armed Career Criminal Act ("ACCA"), § 924(e), is unconstitutionally vague; (2) the district court violated his Sixth Amendment rights by concluding that his two domestic violence convictions were committed on different occasions; and (3) the application of the enhancement violated Evans's Sixth Amendment rights because the prior convictions were not charged in the indictment, proven beyond a reasonable doubt to a jury or admitted by Evans.

Having jurisdiction pursuant to 28 U.S.C. § 1291, we review Evans's claims de novo. United States v. Brown, 734 F.3d 824, 825, 827 (8th Cir. 2013) (reviewing de novo whether a prior conviction qualifies as a predicate offense under the ACCA and constitutional claims). Evans advances claims nearly identical to those raised in United States v. Ramsey, 498 F. App'x 653, 653-54 (8th Cir.) (per curiam), cert. denied, 133 S. Ct. 2784 (2013), and for the same reasons discussed in Ramsey, we affirm the district court.

Relying on Justice Scalia's dissents in Sykes v. United States, 131 S. Ct. 2267, 2287-88 (2011), and Derby v. United States, 131 S. Ct. 2858, 2859-60 (2011), Evans contends that § 924(e)(1) is unconstitutionally vague. We find no merit in Evans's argument, as both the Supreme Court and our court have rejected this argument. See James v. United States, 550 U.S. 192, 210 n.6 (2007) ("[W]e are not persuaded by Justice Scalia's suggestion . . . that the residual provision is unconstitutionally vague."); Sykes, 131 S. Ct. at 2277 ("The provision . . . provides guidance that allows

---

[2]On November 3, 2006, Evans was convicted of two felony counts of second-degree domestic assault, one committed on July 29, 2006, and the other on September 17, 2006. On August 26, 1992, while a juvenile, Evans was convicted of aggravated assault.

a person to conform his or her conduct to the law." (quotation omitted)); United States v. Brown, 734 F.3d at 827 (same); Ramsey, 498 F. App'x at 653-54 (same).

Evans's two Sixth Amendment challenges are likewise identical to the challenges made in Ramsey. He challenges the district court's finding that his two domestic assault convictions "were committed on occasions different from one another," as required under § 924(e), asserting that the district court's determination of the date of the crimes violated his Sixth Amendment rights in that it was a factual determination that should have been resolved by a jury. In response to this argument in Ramsey, this court acknowledged that "[w]e have previously held the question of whether prior felonies were committed on separate occasions may be resolved by a judge." 498 F. App'x at 654. Moreover, we have rejected similar Sixth Amendment arguments challenging the information the district court considers when determining the specific dates on which the offenses occurred. United States v. Richardson, 483 F. App'x 302, 305 (8th Cir. 2012) (per curiam) (rejecting an argument that the sentencing court's use of the PSR to determine the dates of the predicate offenses violated the defendant's Six Amendment rights); United States v. Wilson, 406 F.3d 1074, 1075 (8th Cir. 2005) (finding no Sixth Amendment violation where defendant asserted that the determinations of whether his prior felonies were violent felonies that occurred on separate occasions required findings of fact beyond the mere fact of a prior conviction); see also United States v. Davidson, 527 F.3d 703, 707 (8th Cir.) ("We may consider both the offenses of conviction and the underlying facts to determine whether the offenses were committed on difference occasions."), vacated in part on other grounds by, 551 F.3d 807, 808 (8th Cir. 2008) (per curiam). Accordingly, Evans's argument fails.

Finally, Evans asserts that because the prior convictions were not charged in the indictment, proven beyond a reasonable doubt to a jury or admitted by Evans, the enhancement violated his Sixth Amendment rights. Evans concedes that Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000), recognized that "fact[s] of a prior

conviction" need not be submitted to the jury and proven beyond a reasonable doubt based on <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). But Evans argues, just as the appellant did in <u>Ramsey</u>, that <u>Almendarez-Torres</u> was wrongly decided. Because this argument is contrary to precedents from the Supreme Court and our court, which recognize that "the government is not required to charge the fact of a prior conviction or prove it to a jury," we reject Evans's claim for the same reasons we rejected this argument in <u>Ramsey</u>. 498 F. App'x at 654.

The judgment of the district court is affirmed.

_____