# United States Court of Appeals
## For the Eighth Circuit

---

No. 14-2183

---

United States of America

*Plaintiff - Appellee*

v.

Reginald Cole

*Defendant - Appellant*

---

Appeal from United States District Court
for the Western District of Missouri - Kansas City

---

Submitted: January 12, 2015
Filed: February 26, 2015
[Published]

---

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

---

PER CURIAM.

Reginald Cole pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] determined that Cole's

---

[1] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

minimum sentence should be increased under the Armed Career Criminal Act (ACCA) because he has three prior convictions for burglary – "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Cole now appeals, arguing that the district court erred in concluding his three prior convictions qualify for a sentence enhancement under the ACCA because the fact that each of the burglaries was committed on a separate date was not charged in the indictment or admitted by the defendant. Having jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo the district court's legal determination that the prior convictions serve as predicate offenses under the ACCA. United States v. Keith, 638 F.3d 851, 852 (8th Cir. 2011).

In order for the sentencing enhancement to apply under the ACCA, the three prior convictions must be for offenses that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Cole's presentence investigation report (PSR) reveals that Cole has three prior Missouri burglary convictions: the first committed on July 20, 2005; the second committed on March 1, 2007; and the third committed on October 24, 2008. At the sentencing hearing, neither Cole nor his lawyer objected to these PSR findings.

In Alleyne v. United States, 133 S. Ct. 2151 (2013), the Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be either admitted by a defendant or submitted to a jury. However, the Court noted that in Almendarez-Torres v. United States, 523 U.S. 224 (1998), it had "recognized a narrow exception to this general rule [which requires elements of a crime to be found by a jury] for the fact of a prior conviction." Alleyne, 133 S. Ct. at 2160 n. 1 (2013). The Court in Alleyne specifically noted that it was not overruling Almendarez-Torres and was leaving the "fact of prior conviction" exception intact. Id.

Cole argues that whether each of his convictions were for crimes *committed on different occasions* is a question of fact, distinct from the question of whether the

convictions exist, which must be found by a jury under <u>Alleyne</u>.  However, this court has already addressed this type of challenge and has ruled that the determination of whether prior felonies occurred on separate occasions does not require "findings of fact beyond the mere fact of a prior conviction."  <u>United States v. Evans</u>, 738 F.3d 935, 936 (8th Cir. 2014) (summarizing the holding of <u>United States v. Wilson</u>, 406 F.3d 1074, 1075 (8th Cir. 2005), <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>United States v. Miller</u>, 305 F. App'x 302 (8th Cir. 2008)).  Our circuit is not alone in reaching this conclusion.  <u>See, e.g.</u>, <u>United States v. Dantzler</u>, 771 F.3d 137, 144 (2d Cir. 2014) ("Indeed, our precedent makes clear that a sentencing judge's determination of whether ACCA predicate offenses were committed 'on occasions different from one another' is no different, as a constitutional matter, from determining the *fact* of those convictions."); <u>United States v. Burgin</u>, 388 F.3d 177, 186 (6th Cir. 2004) (The fact "that prior felony convictions . . . were committed on different occasions . . . . need not be pled in an indictment, submitted to a jury, and proved beyond a reasonable doubt.")

      Accordingly, we affirm the judgment of the district court.

_____