# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2576

_____

United States of America

*Plaintiff - Appellee*

v.

Randy Patrie

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: April 17, 2015
Filed: July 27, 2015

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Randy Patrie pled guilty to being a felon in possession of firearms and to possession of sawed-off shotguns. At sentencing, the district court[1] found (1) that Patrie had committed first degree murder and thus that it would be appropriate to

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

apply the cross reference for murder, and (2) that Patrie was an armed career criminal. Based on these findings, the district court imposed a sentence of life imprisonment. Patrie now appeals from his sentence, challenging both the cross reference and armed career criminal determinations. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In July 2013, witnesses reported to law enforcement that they had observed Randy Patrie burglarizing his stepmother's house. Acting on this information, officers executed a search warrant on Patrie's residence and seized a number of items, including several firearms. One of the firearms matched a gun stolen from Carl Kenneth Gallmeyer, a 70-year-old retiree who was tragically murdered in September 2012 when a burglar broke into his home and shot him with a .410 gauge shotgun as he lay in bed. After learning of the connection to Gallmeyer, officers executed a second search warrant on Patrie's residence. During the two searches, officers seized over two dozen firearms from Patrie. These included two sawed-off shotguns, one a .410 gauge. Patrie later pled guilty to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g), and to possession of sawed-off shotguns, in violation of 26 U.S.C. § 5861(d). The .410 gauge sawed-off shotgun was included in the possession of sawed-off shotguns charge but not in the felon in possession charge.

At sentencing, the district court found that Patrie murdered Gallmeyer and that it would be appropriate to apply the cross reference for first degree murder. See United States Sentencing Commission, Guidelines Manual, § 2K2.1(c). The district court then found that Patrie was an armed career criminal based on his one prior conviction for a controlled substance offense and his two prior convictions for second degree burglary. See 18 U.S.C. § 924(e). The combination of the cross reference and Patrie's status as an armed career criminal produced a Guidelines range of life imprisonment. The district court imposed a sentence of life imprisonment on the

felon in possession charge and a sentence of 120 months imprisonment on the possession of sawed-off shotguns charge, to be served concurrently. Patrie appeals, arguing the district court (1) erred in applying the cross reference for murder to his felon in possession charge, (2) erred in determining he was an armed career criminal, and (3) engaged in impermissible judicial factfinding when determining that he was an armed career criminal.

## II.

### A.

We first consider Patrie's argument that the district court erred in applying the cross reference for murder. "We review de novo the district court's application of the Guidelines, and we review for clear error the district court's factual findings." United States v. Tunley, 664 F.3d 1260, 1262 (8th Cir. 2012) (internal quotation marks omitted). The relevant portion of the cross reference instructs that "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense," and "if death resulted" from that other offense, then the court should apply "the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide)." USSG § 2K2.1(c). Here, the district court conducted a sentencing hearing at which it heard testimony from several witnesses and received a number of exhibits. After the hearing, the district court found, by a preponderance of the evidence, that during a burglary of Gallmeyer's home Patrie killed Gallmeyer with the .410 gauge sawed-off shotgun found in Patrie's residence. The district court determined that the most analogous offense for this killing was first degree murder. See USSG § 2A1.1.

On appeal, Patrie does not challenge either the district court's determination that he killed Gallmeyer with the .410 gauge sawed-off shotgun or its determination that the most analogous offense for this killing was first degree murder. Instead,

Patrie argues that the district court erred in applying the cross reference to his felon in possession charge because he did not use any of the guns listed in that charge "in connection with" the Gallmeyer burglary. In other words, Patrie suggests the cross reference applies only where a defendant committed another crime with or while possessing a firearm for which he was charged. We disagree.

We rejected a similar argument in United States v. Mann, 315 F.3d 1054 (8th Cir. 2003). Mann involved an application of the former section 2K2.1(b)(5), which provided for an enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(5) (2002). Because this language mirrors the relevant language in the cross reference, we rely on cases interpreting the former section 2K2.1(b)(5) when interpreting the cross reference here. See United States v. Cole, 525 F.3d 656, 659 (8th Cir. 2008) (applying holding in Mann to similar language in section 2K2.1(b)(4) because "[i]t is a principle of statutory interpretation that identical phrases in a statute, particularly when they occur in close proximity, are ordinarily given an identical meaning").

In Mann, the district court applied the section 2K2.1(b)(5) enhancement where the defendant pled guilty to being a felon in possession of one firearm and committed another felony with a second firearm. See 315 F.3d at 1055. Rejecting the defendant's argument that "'any firearm' must be read to mean one of the firearms for which [the defendant] was charged with being a felon in possession of a firearm," we held that "the use of the term 'any firearm or ammunition' in § 2K2.1(b)(5) indicates that this guideline applies to *any* firearm and not merely to a particular firearm upon which the defendant's felon-in-possession conviction is based." Id. at 1055-56. Applying the reasoning from Mann to the facts of this case, we find the district court did not err in applying the cross reference to Patrie's felon in possession charge where it found Patrie murdered Gallmeyer with a firearm not included in that charge. Cf. United States v. Rashaw, 170 F. App'x 986, 987 (8th Cir. 2006) (unpublished) (per

-4-

curiam) ("The § 2K2.1 [cross reference] for using a firearm in another felony need not be the same firearm involved in the offense of conviction . . . .").

Patrie suggests <u>Mann</u> is no longer good law because the Sentencing Commission added an application note in 2006 explaining that the cross reference applies where a defendant, "during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." USSG § 2K2.1, comment. (n.14). The application note, however, merely explains one situation in which the cross reference would apply and in no way limits the cross reference to applying in that situation only. Thus the application note has no impact on our holding in <u>Mann</u> and does not change the fact that, by its plain terms, the cross reference applies "[i]f the defendant used or possessed *any* firearm or ammunition in connection with the commission or attempted commission of *another* offense." USSG § 2K2.1(c)(1) (emphasis added); see <u>United States v. Anton</u>, 380 F.3d 333, 335 (8th Cir. 2004) ("When construing the Guidelines, we look first to the plain language, and where that is unambiguous we need look no further." (internal quotation marks omitted)). Moreover, we have continued to apply <u>Mann</u> even after the addition of the application note. See <u>United States v. Grays</u>, 638 F.3d 569, 571 (8th Cir. 2011) (citing <u>Mann</u>, 315 F.3d at 1056) ("[T]here is no requirement that the firearm for which an enhancement is imposed be the same as the one involved in the count to which the defendant pled guilty.").

B.

We next address Patrie's argument that the district court erred in determining that he is an armed career criminal. Under 18 U.S.C. § 924(e), a defendant is deemed an armed career criminal and is subject to a minimum sentence of 15 years imprisonment and a maximum sentence of life imprisonment if he violates section 922(g) "and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both." Patrie does not contest that his prior controlled

-5-

substance offense counts as one predicate felony, but he argues the district court erred in finding that his two convictions for second degree burglary qualify as predicate felonies. We review de novo "whether a prior conviction is a predicate offense under [section 924(e)]." United States v. Melbie, 751 F.3d 586, 588 (8th Cir. 2014) (internal quotation marks omitted).

The term "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary . . . ." 18 U.S.C. § 924(e)(2)(B). To determine whether a defendant's prior burglary conviction qualifies as a "burglary" under section 924(e), we apply the "categorical approach" and "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood. The prior conviction qualifies as a [burglary under section 924(e)] only if the [convicting] statute's elements are the same as, or narrower than, those of the generic offense." Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

The comparison between the elements of the statute of conviction and the elements of the generic offense is straightforward for "an 'indivisible' statute—*i.e.*, one not containing alternative elements." Id. "However, where a statute of conviction sets out one or more elements of the offense in the alternative, the statute is considered 'divisible' for [section 924(e)] purposes." United States v. Tucker, 740 F.3d 1177, 1179 (8th Cir. 2014) (en banc). "If one alternative in a divisible statute qualifies as a violent felony, but another does not, we apply the 'modified categorical approach' to determine under which portion of the statute the defendant was convicted." Id. at 1179-80. "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Descamps, 133 S. Ct. at 2281.

The Supreme Court has stated that the elements of the generic burglary offense are "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990); see also Shepard v. United States, 544 U.S. 13, 15-16 (2005) ("[Section 924(e)] makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle."). Patrie was convicted of burglary in Iowa, which provides the following definition of burglary:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure, commits burglary.

Iowa Code § 713.1. In a separate definitional section, the Iowa Code further defines "occupied structure" as:

> [A]ny building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value. Such a structure is an "occupied structure" whether or not a person is actually present.

Id. § 702.12.

Patrie first contends that the elements of Iowa's burglary statute are broader than the elements of the generic burglary offense because the Iowa statute "covers situations where individuals had previously lawfully entered into and remained [in an occupied structure] after it was closed to the public." Appellant Br. 17. This argument fails because the generic burglary offense clearly covers "an unlawful or unprivileged entry into, *or remaining in*, a building or other structure, with intent to

commit a crime." Taylor, 495 U.S. at 598 (emphasis added); see also id. at 592-94 (declining to use the definition of common law burglary, which required a physical breaking, as the definition of generic burglary).

Patrie also suggests that Iowa's burglary statute is indivisible as to the term "occupied structure" and thus that the district court committed error in applying the modified categorical approach as opposed to the categorical approach. Patrie concedes that the Iowa Code contains a definitional provision that defines "occupied structure" in the alternative, but he argues that courts cannot look to definitional provisions when determining whether a statute of conviction is divisible.

Patrie's argument is foreclosed by our recent opinion in United States v. Mathis, 786 F.3d 1068 (8th Cir. 2015). There, we reasoned that when assessing a statute's divisibility, "a court may consider a statute or subsection, outside of the convicting statute, that defines a term in the convicting statute." Id. at 1075 n.7. We held that Iowa's burglary statute "exhibits the exact type of divisibility contemplated" by the Supreme Court and thus that the statute was properly subject to the modified categorical approach. Id. at 1074. Because Patrie argues only that the modified categorical approach does not apply to the Iowa burglary statute—and not that the district court committed any error in its application of the modified categorical approach—we find that the district court did not err in concluding under the modified categorical approach that Patrie's burglary convictions could serve as armed career criminal predicate convictions.

C.

Finally, we consider Patrie's argument that the district court violated his Sixth Amendment right to trial by a jury when it determined he was an armed career criminal. We review this claim de novo. United States v. Evans, 738 F.3d 935, 936

(8th Cir. 2014) (per curiam). Patrie relies on Apprendi v. New Jersey, where the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Notwithstanding that Apprendi's holding explicitly excludes "the fact of a prior conviction," Patrie suggests the district court conducted an impermissible "factual investigation" when it reviewed the trial information and judgment relating to his prior burglary convictions while applying the modified categorical approach.

Patrie acknowledges his argument is contrary to our circuit precedent. See Evans, 738 F.3d at 937 ("'[T]he government is not required to charge the fact of a prior conviction or prove it to a jury.'" (quoting United States v. Ramsey, 498 F. App'x 653, 654 (8th Cir. 2013) (per curiam) (unpublished))); see also United States v. Abrahamson, 731 F.3d 751, 752 (8th Cir. 2013) (per curiam) ("[T]he Court in [Alleyne v. United States, 133 S. Ct. 2151 (2013),] left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury."). But he contends Evans was wrongly decided. However, "[o]ur long standing rule is that one panel may not overrule an earlier decision by another." Jackson v. Ault, 452 F.3d 734, 736 (8th Cir. 2006). While there is an exception to this rule where "the earlier panel decision is cast into doubt by a decision of the Supreme Court," United States v. Williams, 537 F.3d 969, 975 (8th Cir. 2008) (emphasis removed) (internal quotation marks omitted), we are not aware of any intervening Supreme Court case that would cause us to revisit Evans. It follows that Patrie's Sixth Amendment argument cannot succeed.[2]

---

[2]Because we reject all of Patrie's arguments, we need not consider the government's contention that any error was harmless because the district court issued an alternative life sentence based on the factors in 18 U.S.C. § 3553(a).

## III.

For the foregoing reasons, we affirm Patrie's sentence.

_____