# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2489

_____

United States of America,

*Plaintiff - Appellee,*

v.

Shane E. Jones,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 17, 2019
Filed: August 19, 2019
[Published]

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Shane Jones pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). The district court[1] determined that he

_____

[1] The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), based on five prior Missouri convictions for sale of a controlled substance. *See* Mo. Rev. Stat. § 195.211 (2003). The court then sentenced Jones within the advisory guideline range to a term of 190 months' imprisonment and five years of supervised release.

The ACCA enhancement applies when a defendant has "three previous convictions . . . for . . . a serious drug offense . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Jones challenges the district court's determination that he qualified as an armed career criminal.

Jones first argues that none of his five Missouri convictions counts as a "serious drug offense." A "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Missouri statute under which Jones was convicted made it a crime to "deliver . . . or attempt to . . . deliver . . . or to possess with intent to . . . deliver . . . a controlled substance." Mo. Rev. Stat. § 195.211.1 (2003).

To determine whether a state drug conviction qualifies as a "serious drug offense" under federal law, we apply a "categorical approach" and compare the elements of the state offense with the elements set forth in § 924(e)(2)(A)(ii). *See United States v. Bynum*, 669 F.3d 880, 885 (8th Cir. 2012). Jones argues that the Missouri statute is broader than a "serious drug offense" under federal law, because "controlled substance" in Missouri encompassed some substances that were not "controlled substances" under federal law. In Missouri, however, "the identity of the controlled substance is an element of the offense under § 195.211," so "the statute is divisible based on the drug involved." *Martinez v. Sessions*, 893 F.3d 1067, 1073

(8th Cir. 2018).  In that circumstance, we may apply a modified categorical approach and look to judicial records to determine the Missouri offense of which Jones was convicted.  *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).  Here, the records show that Jones was convicted five times for selling cocaine base—a substance that qualified as a "controlled substance" under both state and federal law—so the state offenses match the federal definition on that score.

Jones also complains that the Missouri statute's definition of "deliver" criminalized merely an "offer" to sell drugs, and that the federal statute does not encompass an offer to sell.  We held in *United States v. Hill*, 912 F.3d 1135, 1136-37 (8th Cir. 2019) (per curiam), however, that an offer to sell in Missouri is categorically an offense "involving" the distribution of a controlled substance under § 924(e)(2)(A)(ii).  So each of Jones's five convictions under § 195.211 matches the offense defined in § 924(e)(2)(A)(ii) and was properly counted as a "serious drug offense."

Jones's final argument is that the district court impermissibly found that at least three of his Missouri offenses were "committed on occasions different from one another."  The judicial records showed that one offense was committed on or about November 8, 2007, another on or about November 28, 2007, and a third on or about January 28, 2009.  These records adequately support the court's finding of different occasions.  *See United States v. Keith*, 638 F.3d 851, 852-53 (8th Cir. 2011); *United States v. Van*, 543 F.3d 963, 966 (8th Cir. 2008).  Jones's argument that the Sixth Amendment right to a jury trial prevented the court from making this finding is foreclosed by circuit precedent.  *United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015); *United States v. Cole*, 778 F.3d 1055, 1056 (8th Cir. 2015) (per curiam); *United States v. Evans*, 738 F.3d 935, 936-37 (8th Cir. 2014) (per curiam); *accord United States v. Blair*, 734 F.3d 218, 226-28 (3d Cir. 2013); *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013) (per curiam); *United States v. Elliott*, 703 F.3d 378, 382-83 (7th Cir. 2012); *United States v. Thomas*, 572 F.3d 945, 952 n.4 (D.C.

Cir. 2009); *United States v. Michel*, 446 F.3d 1122, 1133 (10th Cir. 2006); *United States v. Thompson*, 421 F.3d 278, 285-86 (4th Cir. 2005); *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004); *United States v. Santiago*, 268 F.3d 151, 156-57 (2d Cir. 2001).

The judgment of the district court is affirmed.

———————————————