# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1488
_____

United States of America,

*Plaintiff - Appellee*,

v.

Laron J. Wainwright,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 10, 2020
Filed: June 4, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.
_____

PER CURIAM.

A jury convicted Laron Wainwright of unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district

court[1] determined that he was subject to an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), based on three prior convictions for a serious drug offense in Missouri. Under § 924(e), the statutory minimum punishment is fifteen years' imprisonment and the maximum is life imprisonment; without the enhancement, the maximum punishment for a violation of § 922(g)(1) is ten years' imprisonment. 18 U.S.C. § 924(a)(2). The court calculated an advisory guideline range of 235 to 293 months' imprisonment, and sentenced Wainwright to a term of 240 months in prison.

The enhanced penalty under §924(e) applies when a defendant has "three previous convictions . . . for . . . a serious drug offense . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Judicial records show that Wainwright was convicted on two counts of sale of a controlled substance in Missouri based on transactions that occurred on April 20, 2006, and April 24, 2006, respectively. He sustained a third conviction for sale of a controlled substance, based on a transaction that took place on February 19, 2007. The district court found that these three offenses were serious drug offenses that were committed on different occasions—two were separated by four days, and the third came ten months later—and sentenced Wainwright accordingly. R. Doc. 104, at 10; R. Doc. 91, at 6.

Wainwright argues that the district court violated his right to a jury trial under the Sixth Amendment by finding at sentencing that his three prior offenses were committed on occasions different from one another. This court has held that whether prior offenses were committed on different occasions is among the recidivism-related facts that may be determined by a district court at sentencing. *United States v. Evans*, 738 F.3d 935, 936-37 (8th Cir. 2014) (per curiam). Wainwright's contention is thus foreclosed by circuit precedent. *United States v. Jones*, 934 F.3d 842, 843 (8th Cir.

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

2019) (per curiam); *United States v. Wyatt*, 853 F.3d 454, 458-59 (8th Cir. 2017); *United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015); *accord United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017) (per curiam); *United States v. Blair*, 734 F.3d 218, 226-28 (3d Cir. 2013); *United States v. Elliott*, 703 F.3d 378, 382-83 (7th Cir. 2012); *United States v. Thomas*, 572 F.3d 945, 952 n.4 (D.C. Cir. 2009); *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006) (per curiam); *United States v. Michel*, 446 F.3d 1122, 1133 (10th Cir. 2006); *United States v. Thompson*, 421 F.3d 278, 285-86 (4th Cir. 2005); *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004); *United States v. Santiago*, 268 F.3d 151, 156-57 (2d Cir. 2001).

The judgment of the district court is affirmed.

STRAS, Circuit Judge, concurring in the judgment.

Circuit precedent requires me to concur in the court's judgment. *United States v. Evans*, 738 F.3d 935, 936–37 (8th Cir. 2014) (per curiam); *see Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (explaining that we are bound by a prior panel decision). But I cannot join the court's opinion, which suggests that our precedent is correct. As I have explained before, allowing judges, rather than juries, to find these facts runs afoul of fundamental Sixth Amendment principles and what the Supreme Court has said about them. *See United States v. Perry*, 908 F.3d 1126, 1134 (8th Cir. 2018) (Stras, J., concurring). No matter how many other courts have misstepped along the way, my view remains unchanged.

_____