# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2856

_____

United States of America

*Plaintiff - Appellee*

v.

Charles Michael Pledge

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: April 11, 2016
Filed: May 4, 2016

_____

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Charles Pledge pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] enhanced his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on his four prior

_____

[1]The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa.

convictions for aggravated burglary. Although Pledge was subject to a 180 month statutory minimum sentence, the court granted the government's motion for a downward departure and sentenced him to 135 months imprisonment. Pledge appeals, arguing that three of his convictions for aggravated burglary were not "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). We affirm.

Pledge pled guilty to possessing a firearm as a convicted felon. The presentence report concluded that Pledge qualified as an armed career criminal because he had four prior Tennessee convictions for aggravated burglary in violation of Tenn. Code Ann. § 39-14-403. All four convictions were charged in the same indictment. According to the indictment, Pledge committed the first burglary on March 29, 2001. The other three burglaries were committed on March 30, 2001 when Pledge stole items valued at over five hundred dollars from three individuals' residences. The indictment does not indicate the time of the burglaries or the addresses of the residences burglarized.

At sentencing the government introduced the arrest warrants, affidavits of complaint, written guilty pleas, and judgments as evidence of Pledge's four prior burglary convictions. The affidavits of complaint listed the addresses of the three March 30 burglaries. Each burglary was committed at a separate location. Pledge relied on the affidavits of complaint when he argued that the three burglaries should not be considered separate convictions under the ACCA because they "occurred on the same date (March 30, 2001), within hours of each other, and all within 12 miles of each other in rural areas near Humboldt, Tennessee." Pledge also introduced a map of the locations of the burglaries as evidence during the sentencing hearing. The district court determined that all four burglaries were committed on separate occasions and concluded that Pledge qualified as an armed career criminal. The court sentenced him to 135 months imprisonment after granting the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).

The ACCA imposes a mandatory minimum fifteen year sentence if a defendant has been convicted as a felon in possession of a firearm "and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A violent felony is defined as including "any crime punishable by imprisonment for a term exceeding one year . . . that . . . (ii) is burglary, arson, or extortion, [or] involves use of explosives." Id. § 924(e)(2)(B). A conviction qualifies as a "burglary" under the ACCA if it "includes the elements of 'generic burglary,'" that is "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." United States v. Eason, 643 F.3d 622, 623 (8th Cir. 2011) (quoting Taylor v. United States, 495 U.S. 575, 598–99 (1990)). A burglary under Tenn. Code Ann. § 39-14-403 qualifies as a generic burglary offense and is categorically a violent felony. See id. at 624–25; see also United States v. Priddy, 808 F.3d 676, 684 (6th Cir. 2015).

Pledge argues that the district court improperly considered the affidavits of complaint when determining that the burglaries on March 30 were committed on separate occasions. Since Pledge did "not raise this issue in the district court, we review for plain error." United States v. Jones, 574 F.3d 546, 549 (8th Cir. 2009). When reviewing for plain error, "we reverse only if there has been (1) an error, (2) that is plain, and (3) that affects substantial rights." United States v. Richardson, 537 F.3d 951, 959 (8th Cir. 2008). We need not address the first factor of this test, whether admitting the affidavits of complaint was an error, because we conclude that if there was an error it was not plain.

When analyzing whether a prior conviction qualifies as a predicate offense, courts are permitted only to review "the charging document, jury instructions, plea agreement or plea hearing transcript, and comparable judicial records." See United States v. Salean, 583 F.3d 1059, 1061 (8th Cir. 2009). Neither the Supreme Court nor our court has addressed whether affidavits of complaint qualify as "comparable

judicial records," and other circuit courts are divided on this issue. Compare United States v. Jones, 453 F.3d 777, 780 (6th Cir. 2006) (concluding that a district court may consider affidavits of complaint), with United States v. Rosa, 507 F.3d 142, 154–56 (2d Cir. 2007) (rejecting Jones and concluding that a defendant must have "pleaded guilty to, or otherwise admitted the allegations contained in the" document for it to be properly considered at sentencing). Since neither our court nor the Supreme Court has addressed whether a sentencing court may consider affidavits of complaint and other circuit courts are split, the district court did not plainly err in considering the documents. See Richardson, 537 F.3d at 960.

Pledge further argues that the district court erred in concluding that the three burglaries on March 30 were "committed on occasions different from one another." See 18 U.S.C. § 924(e)(1). Since Pledge preserved this issue below, we review it de novo. See United States v. Willoughby, 653 F.3d 738, 741 (8th Cir. 2011). Prior convictions must be separate and distinct criminal episodes "[t]o qualify as predicate offenses under the statute." Id. (quoting United States v. Deroo, 304 F.3d 824, 828 (8th Cir. 2002)) (alteration in Willoughby). There are at least three factors to consider when determining whether prior convictions are separate and distinct: "(1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3) their lack of overall substantive continuity, a factor that is often demonstrated in the violent-felony context by different victims or different aggressions." Id. at 742–43. The first factor is the most important consideration. United States v. Abbott, 794 F.3d 896, 898 (8th Cir. 2015).

Our court has concluded that a defendant's convictions for burglarizing two different residences were separate and distinct under the ACCA even though the homes "were located very close to each other" and the burglaries took place within a twenty five minute span. United States v. Gray, 85 F.3d 380, 380–81 (8th Cir.1996). Here, Pledge burglarized three different residences that were within twelve miles of each other on the same day. Pledge's three burglaries on March 30

were thus committed on separate occasions because they involved "different victims and [were] committed in different locations." See Deroo, 304 F.3d at 828.

On this record we conclude that Pledge's three aggravated burglary convictions are separate predicate offenses under the ACCA and that the district court correctly determined that Pledge thus qualifies as an armed career criminal. Accordingly, we affirm the judgment of the district court.

_____