# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2626

_____

United States of America

*Plaintiff - Appellee*

v.

Devonte Darnell Holston

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: May 14, 2018
Filed: August 24, 2018
[Unpublished]

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Devonte Holston pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district court[1] sentenced Holston

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

to 180 months imprisonment, finding that he qualified for the mandatory-minimum sentence imposed by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on three prior convictions in Wisconsin state court for burglary of a building or dwelling in violation of Wis. Stat. § 943.10(1m)(a).  Holston appeals, and we affirm.

"We review de novo the district court's determination of whether [Holston's] criminal record qualified him as an Armed Career Criminal."  United States v. Willoughby, 653 F.3d 738, 741 (8th Cir. 2011).  The ACCA mandatory-minimum sentence applies to an individual convicted of a violation of 18 U.S.C. § 922(g) who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  § 924(e)(1).  Unlike the bulk of our precedent interpreting this section, the thrust of this appeal concerns the question of whether the conduct underlying two of Holston's prior convictions was committed on different occasions.[2]  In 2013, Holston pled guilty in Wisconsin state court to a criminal complaint charging him with 2 counts of burglary.  The complaint indicates that Holston and two codefendants burgled residences at two separate addresses, and the associated judgment shows restitution owed to two different victims.  Holston insists that this was a single criminal episode and that these two incidents therefore count only as one previous conviction for the purpose of qualifying him as an armed career criminal.

---

[2]Holston briefly argues that the burglary statute under which he was convicted does not meet the definition of "violent felony" found in § 924(e)(2)(B), but he concedes that we held to the contrary in United States v. Lamb, 847 F.3d 928, 932, 934 (8th Cir. 2017), cert. denied, 138 S. Ct. 1438 (2018).  Given our "cardinal rule . . . that one panel is bound by the decision of a prior panel," Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (internal quotation marks omitted), we reject this argument.

Holston argues that, to resolve this inquiry, the district court is limited to investigating the documents approved of by the Supreme Court in Shepard v. United States, 544 U.S. 13 (2005), and that the complaint is not included in those documents. However, in the context of Sixth Amendment challenges, we have expressly rejected this argument and held that Shepard is inapplicable when determining whether the conduct underlying prior convictions was committed on different occasions.[3] See United States v. Evans, 738 F.3d 935, 936-37 (8th Cir. 2014); United States v. Richardson, 483 F. App'x 302, 304-05 & n.3 (8th Cir. 2012).[4] Accordingly, we may view both the complaint and the unobjected-to portions of Holston's presentence investigation report ("PSR") to determine whether these burglaries were committed on different occasions.[5]

"Prior convictions must be separate and distinct criminal episodes [t]o qualify as predicate offenses under the statute." Pledge, 821 F.3d at 1038 (alteration in original) (internal quotation marks omitted). "Crimes occurring even minutes apart can qualify, however, if they have different victims and are committed in different

---

[3]We note that, even if Shepard applied so as to preclude consideration of certain documents in determining whether the conduct underlying Holston's prior convictions was committed on separate occasions, we conclude that the complaint, as redacted, would be reviewable under Shepard.

[4]To the extent there is any conflict between Evans and our decision in United States v. Pledge, 821 F.3d 1035, 1038 (8th Cir.), cert. denied, 137 S. Ct. 258 (2016), Evans controls under the first-in-time rule. See Mader, 654 F.3d at 800.

[5]Holston vigorously contested the PSR's recommendation that he be sentenced as an armed career criminal, but he did not dispute any of the underlying factual matters contained in the PSR. As such, we may accept those facts as true. See United States v. Douglas, 646 F.3d 1134, 1137 (8th Cir. 2011) ("If a defendant objects only to the PSR's recommendation, but not to the facts themselves, the court may accept the facts as true and rely on the unobjected-to facts in determining whether to impose an enhancement.").

locations." United States v. Deroo, 304 F.3d 824, 828 (8th Cir. 2002). In the past, we have looked to the following three factors "in deciding whether offenses are sufficiently separate and distinct to serve as individual predicate convictions for ACCA enhancement: (1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3) their lack of overall substantive continuity, a factor that is often demonstrated in the violent-felony context by different victims or different aggressions." Willoughby, 653 F.3d at 742-43.

We conclude that the district court properly counted Holston's conviction for two counts of burglary as two prior convictions. First, although the complaint indicates that both offenses occurred at 2:00 in the afternoon, this is not dispositive. See id. at 743 ("[T]o prove that two offenses are sufficiently separate and distinct for ACCA purposes, it is *sufficient* (although, not necessary) to show that some time elapsed between the two prospective predicate offenses."). Second, Holston pled guilty to burgling two separate residences. See Pledge, 821 F.3d at 1037. Finally, and perhaps most importantly in this case, there were two different victims, as evidenced by Holston owing different amounts of restitution to each recipient. See Deroo, 304 F.3d at 828. Thus, looking only at the complaint and judgment, we believe that these two incidents were "sufficiently separate and distinct" to qualify as separate criminal episodes. Willoughby, 653 F.3d at 742.[6]

Because he "has three previous convictions . . . for a violent felony . . . committed on occasions different from one another," § 924(e)(1), the district court properly sentenced Holston as an armed career criminal. Accordingly, we affirm.

—————————————————

—————————————————

[6]This conclusion is confirmed by a glance at the unobjected-to facts in the PSR, which indicate that Holston, accompanied by other individuals, actually entered both residences and stole an 18-inch television from one residence and a 73-inch projection television from the other.