# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-2396

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Dale Robinson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas

_____

Submitted: April 15, 2022
Filed: August 9, 2022

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Jeremy Dale Robinson pled guilty to unlawfully possessing a firearm as a felon. He appeals the district court's[1] conclusion that his prior Arkansas

___

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

burglary convictions were separate offenses, rendering him an armed career criminal subject to an enhanced sentence. We affirm the judgment of the district court.

## I. Background

Robinson pled guilty to unlawfully possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g), 924(c) and (e). Following Robinson's guilty plea, the district court concluded Robinson had at least three residential burglary convictions that constituted violent felony convictions under the Armed Career Criminal Act ("ACCA"). *See* Ark. Code. Ann. § 5-39-201; 18 U.S.C. § 924(e)(1). The district court accordingly concluded Robinson was an armed career criminal and imposed the mandatory minimum 15-year term of imprisonment. *See* 18 U.S.C. § 924(e)(1).

Robinson committed the first qualifying burglary on June 14, 2011. In that offense, Robinson broke into the victim's home, stole the victim's revolver and some other items, and, when confronted by the victim, Robinson pointed the revolver at him before fleeing. Robinson committed the second burglary fifteen days later on June 29, 2011. In that offense, Robinson broke into the victim's home by kicking open her door and then stole several items. Robinson committed the third burglary on July 5, 2011. In that offense, after the victim caught Robinson and an accomplice in the act of burglarizing her home, Robinson or the accomplice grabbed the victim's purse off her arm and fled with some of the victim's property. Robinson committed each of these burglaries against separate victims in separate homes and stole different kinds of property. Robinson was arrested on the same date for the first two burglaries, and then arrested on a different date for the third burglary. On May 25, 2012, Robinson was convicted of each burglary and sentenced in state court to three terms of ten years of imprisonment, to run concurrently.

## II. Analysis

On appeal, Robinson contends his first two Arkansas burglary convictions are not separate predicate felonies under the ACCA because they occurred during a

single criminal episode. "We review de novo whether a prior conviction qualifies as a predicate offense" under the ACCA. *United States v. Mattox*, 27 F.4th 668, 677 (8th Cir. 2022).

The ACCA mandates a 15-year minimum sentence for a defendant who has been convicted of unlawfully possessing a firearm as a felon following "three previous convictions by any court . . . for a violent felony . . . *committed on occasions different from one another*[.]" 18 U.S.C. § 924(e)(1) (emphasis added). For prior convictions to qualify as predicate offenses committed on occasions different from one another under the ACCA, "each conviction must be a separate and distinct criminal episode, rather than part of a continuous course of conduct." *United States v. Humphrey*, 759 F.3d 909, 911 (8th Cir. 2014) (quoting *United States v. Deroo*, 304 F.3d 824, 828 (8th Cir. 2002)). In determining whether prior convictions are separate and distinct, at least three factors are relevant: "(1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3) their lack of overall substantive continuity, a factor that is often demonstrated in the violent-felony context by different victims or different aggressions." *United States v. Pledge*, 821 F.3d 1035, 1038 (8th Cir. 2016) (quoting *United States v. Willoughby*, 653 F.3d 738, 742–43 (8th Cir. 2011)).

In applying these factors, we have consistently held violent felonies committed at different times, different locations, or against different victims may qualify as separate qualifying convictions under the ACCA, even if the offenses were committed within a short period of time of each other. *See, e.g.*, *Pledge*, 821 F.3d at 1038 (holding three burglaries committed on the same day were separate predicate offenses under the ACCA because the burglaries were committed in different locations against different victims); *United States v. Daniels*, 625 F.3d 529, 533–34 (8th Cir. 2010) (holding three burglaries committed over a one-year period on different dates and locations and against different victims qualified as separate violent felonies under the ACCA despite the fact the defendant was arrested on the same day for two of the burglaries). Here, Robinson committed three residential burglaries—each on different days, in different locations, and against different

victims—over an approximate three-week span. We hold these offenses qualify as separate and distinct criminal episodes committed on occasions different from one another.

Though Robinson was arrested on the same date for two of his qualifying burglary convictions and later sentenced on the same date for all three, we reject his argument that the district court should have treated any combination of these burglary offenses as a single offense under the ACCA. Robinson correctly concedes this argument is foreclosed by our precedent. The sentence enhancement under the ACCA does not require the predicate felonies be separated by arrest or conviction, but rather that the offenses be *committed* on occasions different from one another. *See, e.g.*, *Willoughby*, 653 F.3d at 742–43.

We note the Supreme Court recently decided *Wooden v. United States*, 142 S. Ct. 1063 (2022), which Robinson suggests might change our analysis. It does not. In *Wooden*, the Supreme Court held ten prior burglary convictions did not qualify as separate predicate offenses for purposes of the ACCA because the defendant had burglarized ten storage units on the same night, in the same location, and in a single uninterrupted course of conduct. *Id.* at 1071. The Supreme Court explained each burglary was part of the same scheme and accomplished by the same means, and each burglary was essentially identical and intertwined with the others, as the defendant moved in a row from one unit to the next. *Id.* Here, rather than committing numerous burglaries on a single day, at one location, in one continuous course of conduct, Robinson committed three different burglaries on separate and nonconsecutive days, at separate locations, arising from isolated conduct. Robinson's case is thus distinguishable from *Wooden*.

Lastly, Robinson argues the ACCA sentence enhancement in this case violates the Sixth Amendment because the enhancement requirement that the offenses be "committed on occasions different from one another" was not charged in the indictment and decided by a jury or admitted in a guilty plea, but rather was decided by the district judge at sentencing. Robinson correctly concedes this argument is

-4-

foreclosed by our precedent. *See United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2019) (explaining "recidivism is not an element that must be admitted or proved to a jury"); *United States v. Evans*, 738 F.3d 935, 936 (8th Cir. 2014) ("[T]he question of whether prior felonies were committed on separate occasions may be resolved by a judge." (quoting *United States v. Ramsey,* 498 F. App'x 653, 654 (8th Cir. 2013))). Further, precedent forecloses Robinson's argument that the district court here violated the Sixth Amendment when considering the non-elemental underlying facts of his burglaries, such as the dates on which the burglaries occurred, to establish he had committed three or more predicate felonies on occasions different from one another under the ACCA. In determining the specific dates on which an offense occurred for an ACCA sentence enhancement, a sentencing court does not violate the Sixth Amendment when it considers information outlining the underlying facts of an offense, such as those outlined in a presentence investigation report, in addition to the elements of the offenses of conviction. *See, e.g.*, *Evans*, 738 F.3d at 936–37.

### III. Conclusion

For the foregoing reasons, we affirm Robinson's sentence and the judgment of the district court.

_____