# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1050

_____

United States of America

*Plaintiff - Appellee*

v.

Damon L. Buford

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: October 17, 2022
Filed: December 13, 2022
[Published]

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Damon Buford pleaded guilty to possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). The district court[1] determined that Buford qualified for the enhanced statutory minimum sentence under the Armed Career Criminal Act

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

("ACCA"). *See* 18 U.S.C. § 924(e)(1). Buford appeals the district court's application of the ACCA enhancement. We affirm.

Buford's presentence investigation report ("PSR") indicated that he was convicted of four separate "serious drug offense[s]." *See* § 924(e). One offense was the sale of a controlled substance on February 21, 2016, a Class B felony. The other three offenses were also Class B felony sales that occurred on April 27, 2018, April 28, 2018, and May 6, 2018. Buford's 2018 convictions were each for sales of less than a gram of cocaine to the same undercover officer. Buford was arrested after the third 2018 sale and charged in state court with three separate counts of sale of a controlled substance. The PSR stated that all four of Buford's convictions constitute predicate offenses under the ACCA. Buford objected to the applicability of the ACCA statutory minimum, but the district court overruled his objection. The district court sentenced him to the ACCA statutory minimum of 180 months' imprisonment followed by 5 years of supervised release. Buford appeals his sentence.

We first address Buford's argument that the district court erred by finding that his 2018 offenses occurred on the same occasion. We review *de novo* whether a prior conviction constitutes an ACCA predicate offense. *United States v. Humphrey*, 759 F.3d 909, 911 (8th Cir. 2014).

Under the ACCA, a felon who possesses a firearm is subject to a minimum sentence of fifteen years if he has three prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). "In many cases, a single factor—especially of time or place— can decisively differentiate occasions." *Wooden v. United States*, 595 U.S. ---, 142 S. Ct. 1063, 1071 (2022). "[C]onvictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if the transactions were sales to the same victim or informant." *United States v. McDaniel*, 925 F.3d 381, 387 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 1272 (2020).

Buford argues that the record does not establish that his convictions were based on three sales occurring on three distinct occasions, as opposed to one sale with three distinct delivery dates. We disagree. The PSR notes that Buford "admitted to selling drugs to an undercover officer on three separate occasions." Although Buford objected to his sentence enhancement, Buford never objected to this separate-occasions statement in the PSR, so the district court properly accepted it as true. *See United States v. Oaks*, 606 F.3d 530, 541-42 (8th Cir. 2010). Buford also emphasizes that his 2018 offenses entailed selling substantially similar amounts of cocaine to the same undercover officer during a ten-day period, with two of the sales on consecutive days. But "convictions for separate drug transactions on separate days qualify as multiple ACCA predicate offenses, even if the transactions were sales to the same victim or informant." *McDaniel*, 925 F.3d at 387.

We also disagree with Buford that the rule of lenity requires us to construe the ACCA's occasions clause in his favor. The rule of lenity states that ambiguities in criminal statutes should be resolved in favor of the defendant. *United States v. Davis*, 588 U.S. ---, 139 S. Ct. 2319, 2333 (2019). However, we consider the rule of lenity only when, after employing all other tools of construction, "a grievous ambiguity or uncertainty in the statute" remains. *Donnell v. United States*, 765 F.3d 817, 820 (8th Cir. 2014). As discussed above, Buford committed at least three (if not four) qualifying offenses occurring on separate occasions, so there is no ambiguity in the statute as applied to Buford.[2]

Buford argues alternatively that remand is required for new fact-finding on the different-occasions issue. He notes that in *United States v. Williams*, we remanded to the district court in light of *Wooden* "for a new factual determination on the issue of whether Williams had three prior convictions committed on different occasions." *See* No. 19-2235, 2022 WL 1510779, at *1 (8th Cir. May 13, 2022) (unpublished) (per curiam). *Williams*, however, did not offer any general guidance

---

[2]Moreover, even if the April 27 and April 28 sales occurred on one occasion, Buford would still have three qualifying predicate offenses occurring on separate occasions.

as to what district court fact-finding, if any, is needed in light of *Wooden*. *Id*. No further fact-finding is needed in this case, so a remand is not necessary. *See United States v. Robinson*, 43 F.4th 892, 895-96 (8th Cir. 2022) (discussing *Wooden* and concluding that the defendant's prior burglary offenses occurred on separate occasions without remanding for further fact-finding).

Next, we address Buford's argument that the Sixth Amendment requires facts related to sentencing under the ACCA to be found by a jury. Buford did not raise this argument at sentencing, so we review for plain error. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005). An error is plain only if, at the time of appellate review, the erroneous nature of the trial court's decision is obvious. *Henderson v. United States*, 568 U.S. 266, 273 (2013). We have held that facts about prior convictions that are relevant to ACCA sentencing do not need to be submitted to a jury. *Robinson*, 43 F.4th at 896; *United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015). Additionally, *Wooden* is not intervening precedent because the Court declined to weigh in on the Sixth Amendment question. *See* 142 S. Ct. at 1068 n.3. Therefore, any error committed by the district court in failing to submit facts related to Buford's ACCA sentencing is not obvious at the time of our review. The district court thus did not plainly err by not having a jury find facts related to Buford's ACCA sentencing.

In sum, we conclude that Buford's 2018 offenses occurred on different occasions and that the district court's ACCA-related fact-finding was not plain error. For the foregoing reasons, we affirm.

_____