# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-1362

———————————————

United States of America

*Plaintiff - Appellee*

v.

Bradley Jon Matheny

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: December 11, 2023
Filed: December 22, 2023
[Unpublished]

——————————

Before GRUENDER, GRASZ, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Bradley Jon Matheny was convicted of seven counts of forging or counterfeiting postage stamps and three counts of smuggling. *See United States v. Matheny*, 42 F.4th 837, 840 (8th Cir. 2022). At sentencing, the district court ordered Matheny to pay $256,441.78 in restitution to the United States Postal Service ("USPS"). *Id.* at 841. We vacated the restitution order and remanded after

concluding that the restitution amount must be based solely on the USPS's loss from packages with forged labels. *See id.* at 845-46. On remand, the district court[1] entered an amended judgment ordering Matheny to pay $192,330.00 in restitution to the USPS, representing 75% of the original award. Matheny appeals, arguing that the correct amount of restitution is $168,210.78, or 65.6% of the original award.

"We review . . . the district court's factual findings about the amount of loss for clear error." *United States v. Garbacz*, 33 F.4th 459, 473 (8th Cir. 2022). "The Government has the burden to prove the amount of restitution based on a preponderance of the evidence, and a restitution award is limited to the victim's provable actual loss." *Id.* (citation and internal quotation marks omitted). "However, a district court is charged only with reasonably estimating the loss when the amount lost through fraud is difficult to estimate." *Id.* (internal quotation marks omitted).

In calculating the restitution amount, the district court relied on a USPS review of Matheny's packages. Neither party disputes using the USPS review to calculate restitution. During the USPS review, Matheny shipped 2,898 total packages, of which 384 were posted correctly, 613 had genuine labels but "underweighted" the package by listing a lighter weight than the package's actual weight, and 1,901 had forged labels—which included an indeterminate number of labels that also underweighted the package. Combined, these 1,901 packages with forged labels and 613 packages with genuine but underweighted labels—2,514 packages altogether—formed the basis for the district court's calculation of the USPS's total loss of $256,441.78. The 1,901 packages with forged labels represented 75.62% of the 2,514 total packages. In reaching its conclusion that the correct amount of restitution was $192,330.00, the district court reduced the restitution amount to 75% of the USPS's total loss. Because the district court

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

"reasonably estimate[ed] the loss" from packages with forged labels, it did not clearly err in making its restitution calculation. *See id.*

Matheny also argues that we should apply the rule of lenity, but we consider the rule of lenity only in the case of "a grievous ambiguity or uncertainty." *United States v. Buford*, 54 F.4th 1066, 1068 (8th Cir. 2022) (quoting *Donnell v. United States*, 765 F.3d 817, 820 (8th Cir. 2014)), *cert. denied,* 601 U.S. ---, 2023 WL 6378211 (Oct. 2, 2023) (No. 22-7660). That is not the case here.

Affirmed.

_____